DARIUS C. WARREN

*v.*

C. D. COOK *et al.*

*Filed at Mt. Vernon January 25, 1886.*

116 199
26a 428
116 199
135 201
116 199
141 581
116 199
70a 35
116 199
193 3263

1. APPEARANCE—*what constitutes, so as to give jurisdiction of the person.* The filing of objections against an application by the collector, in the county court, for judgment against a lot for taxes due thereon, by an attorney having a general authority to appear for that purpose, must be regarded as the entry of the owner's appearance, and as giving that court jurisdiction of his person.

2. Tax title—*conclusiveness of judgment for taxes—as to what matters.*
A judgment of the county court against land for taxes, where there is juris-
diction of the person and of the subject matter, is of like binding effect upon ·
the parties as any other judgment at law, and however erroneous it may be,
until reversed it is as binding as if free from error.

3. If a party appears in the county court and files an objection to the ren-
dition of judgment against his land for taxes claimed to be due thereon, a
judgment against his land for such taxes, in the absence of fraud, is conclu-
sive, not only as to the objections interposed, but also as to all defences that
might have been made.

4. Same—*owner chargeable with notice—as to extension of back taxes.*
In such case the owner will be chargeable with notice of whatever the record
shows, and on bill to set aside the sale of his land and enjoin the taking out
of a tax deed, he will not be heard to claim he did not know that back taxes
had been extended against his property.

5. Chancery—*relief against judgment—negligence in defending at law.*
A court of equity will not grant a party relief against a judgment at law which
is the result of his own negligence in not making a proper defence. This
rule applies to judgments against lands for taxes where the party appears and
resists judgment.

Writ of Error to the Circuit Court of Jefferson county;
the Hon. Carroll C. Boggs, Judge, presiding.

Mr. C. H. Patton, for the plaintiff in error:

The tax judgment of the county court at the May term,
1883, is not conclusive on the complainant, because it shows
upon its face it was a judgment by agreement of the parties.
*Wadhams* v. *Gay*, 73 Ill. 433.

It is only where the owner of land appears in the county
court and contests the application for judgment upon the
merits, and the court has decided upon the merits, that he is
barred. *Gage* v. *Bailey*, 102 Ill. 11; *Riverside Co.* v. *Howell*,
113 id. 256.

If any part of the tax was illegal, the judgment which in-
cluded it was void. *McLaughlin* v. *Thompson*, 55 Ill. 249;
*Riverside Co.* v. *Howell*, 113 id. 256.

To constitute an estoppel, it is requisite that the party to
be estopped should act with full knowledge of all the facts

that are to affect his interest. But here the complainant did not know of the existence of these taxes upon the books against him. He knew he had paid them. He knew it was the public duty of the collector, a public officer, to mark them off of the books. He knew the law presumes, what is usually the fact, that public officers do their duty; and he was thus lulled into a feeling of security by the mistake of the officer, and therefore for this want of knowledge can not be held to be estopped. *Francois* v. *Maloney*, 56 Ill. 399.

For the elements of an estoppel, see *Dinet* v. *Eilert*, 13 Bradw. 99.

Estoppels are founded upon intention. *Needles* v. *Hanipan*, 11 Bradw. 303.

Delinquency alone is the jurisdictional fact upon which the State can ask for a judgment for taxes,—hence, if the tax has been paid, the sale is void. Blackwell on Tax Titles, 410, 652, *412, *413.

Again, the judgment was void because R. W. Carpenter, complainant's attorney, had no power to consent to a judgment, as defendant in error insists he did, against his client for more than the county collector claimed for taxes against this property. *Wadhams* v. *Gay*, 73 Ill. 416; *People* v. *Lamborn*, 1 Scam. 123.

Mr. C. H. BURTON, for the defendant in error:

The judgment having been rendered in a court of record, is conclusive upon the parties to it, and can not be attacked in a collateral proceeding. *Cemetery Co.* v. *People*, 92 Ill. 622; *Gage* v. *Bailey*, 102 id. 11; *Karnes* v. *People*, 73 id. 274.

The record shows that plaintiff in error appeared in court and filed objections to the rendition of judgment, and afterwards withdrew his objections, and allowed judgment to be entered by consent. High on Injunctions, p. 67, sec. 62.

A decree entered by consent can not be appealed from, nor can error properly be assigned upon it. A rehearing in such

case will be denied; nor can the decree be set aside by a bill of review. *Graves* v. *People,* 11 Ill. 542.

A judgment by agreement must stand as a final adjudication of the rights of the parties. *Strubher* v. *Belsey,* 79 Ill. 307; *Haas* v. *Building Society,* 80 id. 248.

It is immaterial whether the agreement was in writing or not, as a parol agreement is binding. *Toupin* v. *Garginer,* 12 Ill. 79.

Although a judgment at law may be unjust, yet when a legal defence existed, and the defendant had an opportunity to make the same in an action at law, and by his own neglect failed to do so, he can obtain no relief in equity. *Higgins* v. *Bullock,* 73 Ill. 206.

Though new facts should be discovered, that does not create an equity. Adams' Eq. 197.

A court of equity will not grant relief on the ground of accident, when it has arisen from his own negligence or fault, or that of his agent. Kerr on Injunctions, 57.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

The plaintiff in error filed his bill in the circuit court of Jefferson county, to enjoin defendant Cook from taking out a tax deed to a certain town lot in Mt. Vernon, which Cook had purchased at a tax sale in June, 1883, for taxes for the years 1875 to 1882, inclusive. These taxes were alleged in the bill to have been paid by plaintiff in error before judgment therefor, in May, 1883, under which the property was sold. The bill also charged that the county tax included in the tax liens for those years was at the rate of one dollar on each $100 valuation, in violation of the constitution and statutes of the State, and also that the tax judgment was unlawfully and wrongfully erased, changed, and raised in amount, without out the knowledge of plaintiff in error, after the judgment had been signed by the judge, and after the adjournment of

the court to court in course. On hearing, on bill, answer, replication and proofs, the circuit court dismissed the bill, and plaintiff in error excepted, and now brings the record here and asks a reversal of that decree.

It appears by the evidence, that at the May term, 1883, of the county court of Jefferson county, upon the application for judgment for taxes against delinquent lands and lots, the plaintiff in error appeared by his attorney and filed exceptions to the application for judgment as to this lot. It does not appear definitely what the objections filed were, but it is substantially conceded by both parties that they related to the method of computing the penalties, interest and costs, and ascertaining the amount of taxes due. Afterwards the objections filed were withdrawn, and judgment, as shown by the proof and by recitation in the judgment itself, was rendered by agreement. Upon this judgment the sale complained of was made. The authority of the attorney of plaintiff in error to appear in the county court on behalf of plaintiff in error is not repudiated, but it is contended that he had no authority to agree to a judgment, etc. The same attorney had appeared in 1881 and 1882, and successfully resisted judgment for taxes against the same lot at the instance of plaintiff in error, and had at least a general authority to appear and contest the entry of judgment in the county court upon the application of the collector for judgment, in 1883, against the lot in question, for taxes. Under that authority he did appear and file objections for and on behalf of plaintiff in error. This was an entry of the appearance of plaintiff in error, and gave the county court jurisdiction of his person.

It is now claimed that there were other objections to the rendition of judgment, not urged or included in those filed before the county court, one of which is, that a portion of the taxes had been paid before judgment. Another is, that portions of the county tax were illegal, as stated in the bill. If this was true, he should have made such defences before the

county court. He was in court, with full right to interpose any defence that existed. There is no pretence that his attorney did not fairly represent him, or that he was over-reached, or any fraud or deceit practiced upon him. It is not material whether the attorney was authorized to have judgment entered by agreement or not. If he was so authorized, his act is conclusive of the rights of plaintiff in error; if not so authorized, the plaintiff in error can have no standing in equity, if through his own *laches* he failed to make the proper defence in the law court. *Mix et al.* v. *The People, post*, p. 265, and authorities cited.

Judgments rendered in proceedings to collect taxes, where there is jurisdiction of the person and of the subject matter, are of like binding effect upon the parties as other judgments at law, and even though the judgment be erroneous, if there was jurisdiction in the court rendering it, it is, until reversed, just as binding upon the parties to it as if it was free from error. (Freeman on Judgments, secs. 135–249; *Graceland Cemetery Co.* v. *The People*, 92 Ill. 621; *Hundley et al.* v. *Commissioners, etc.* 67 id. 559; *Karnes* v. *The People*, 73 id. 274.) It follows, therefore, that whatever defence could have been made should have been interposed in the county court, and having, by coming into court by his attorney, entered a general appearance, he can not now be heard, in the absence of fraud, to say there were other defences, and insist upon them in equity. This question arose and was fully discussed and determined in *Neff* v. *Smyth*, 111 Ill. 100.

It is said, however, that plaintiff in error did not know that the back taxes from 1875 to 1879, inclusive, had been extended against this lot with the taxes for 1880, 1881 and 1882. This would not avail the plaintiff in error. He, as we have seen, was in court by his attorney, and being in court, would be bound to take notice of whatever the record would show. But it is reasonably apparent that he did know the amount for which judgment was to be asked by the collector.

He testifies that shortly after the judgment was rendered, he, with his attorney, examined it, and the judgment was for the exact amount that the collector's advertisement of the delinquent list said judgment would be asked for against this lot. The amount thus advertised was $224.36, more than half the assessed value of the property. It could hardly have been the taxes for three years on that valuation would have amounted to such a sum. The plaintiff in error had been fighting taxes on this lot several years, and his attorney, from year to year, as the record shows, was appearing for that purpose. He knew that his taxes were due, and his lot advertised as delinquent, and slight diligence would have admonished him what was included in the proposed judgment, even if he was not chargeable with notice by being in court, by the entry of his appearance. He can not now come into a court of equity and ask to be relieved of the effect of his own negligence in not making his defence. If he suffers thereby, it is his own fault, and he must bear the consequences. *Tone* v. *Wilson*, 81 Ill. 529.

The evidence fully sustains the finding of the circuit court, that the record of the county court was not changed or altered after the adjournment of the term, as alleged in the bill.

There is no force in the point made that the clerk, after the sale, entered opposite this lot, on the appropriate book, the words "sold in error," as directed by the statute to be done when the sale is in fact made in error. Such entry by the clerk could in no way prejudice the purchaser at the tax sale.

Finding no error in this record authorizing a reversal, the judgment will be affirmed.

*Judgment affirmed.*