BANKERS LIFE INSURANCE COMPANY v. A. M. ROBBINS, EXECUTOR.

FILED OCTOBER 18, 1899. No. 10,619.

1. **Special Appearance.** A special appearance precludes the party entering such appearance from obtaining any decision on the merits of the controversy.

2. **Appearance: GENERAL AND SPECIAL.** Whether an appearance is general or special does not depend upon the form of the pleading, but upon its substance.

3. ———: ———. If a defendant invoke the judgment of the court, in any manner, upon any question, except that of the power of the court to hear and decide the controversy, his appearance is general.

4. **Revivor of Judgment.** The proceeding to revive a dormant judgment is not the commencement of a new action, but the continuation of an action previously commenced.

5. ———: LIMITATION OF ACTIONS. The general law as to the limitation of actions does not apply to the proceeding to revive dormant judgments.

6. **Revivor of Action: TIME.** The limitation as to the time within which steps must be taken to revive an action in the name of the representatives of a deceased person does not apply to the revival of dormant judgments.

7. **Revivor of Judgments: Time.** The word "manner," found in sections 472 and 473 of the Code of Civil Procedure respecting the revival of judgments, does not include the element of time.

8. **Review: Questions Not Raised Below: Jurisdiction.** A question raised for the first time in this court will not be considered, except it be of a jurisdictional character.

Error from the district court of Valley county. Tried below before Kendall, J. Affirmed.

*N. S. Harwood, John H. Ames* and *E. F. Pettis,* for plaintiff in error.

*A. M. Robbins* and *M. B. Reese, contra.*

Sullivan, J.

In November, 1892, Anna B. Morrow recovered a judgment in the district court of Valley county against the Bankers Life Insurance Company of Lincoln, and soon afterwards caused an execution to be issued thereon. This writ was delivered to the sheriff of Lancaster county, who returned it unsatisfied in consequence of having been served with an injunctional order issued by the district court in an original action instituted by the defendant on the theory that the Valley county judgment was void. In July, 1893, Mrs. Morrow died, and A. M. Robbins, the defendant in error, was, in pursuance of testamentary nomination, appointed executor of her will. He immediately accepted the appointment, and, having first duly qualified, entered upon the discharge of his trust. In 1898 the action to enjoin the enforcement of the judgment against the insurance company was finally decided on the merits in favor of Robbins, who had been substituted for Morrow as a party defendant therein. This proceeding was then commenced to revive, in the name of the executor, the judgment rendered by the district court of Valley county in 1892. In response to a conditional order of revivor served upon it, the company, by its attorney, appeared in court and filed what is

styled a "special appearance," assigning eighteen objections to the revival of the judgment. Some of these objections raised issues of fact, which were tried and submitted upon oral evidence. The findings of the court upon all questions presented were in favor of the executor, and an order was thereupon entered reviving the judgment in his name. The defendant, by this proceeding in error, brings the record here for review.

The first contention is that the service of the conditional order did not give the court jurisdiction to hear the plaintiff's application, or to grant the relief demanded. We will not inquire into the efficiency of the order as a jurisdictional process, because we are satisfied that the defendant, by its "special appearance," appeared generally, and thus became subject to the authority of the court. Among the objections urged to the revivor of the judgment were these: That the several kinds of relief sought by the plaintiff were improperly joined; that Robbins was never the duly constituted executor of Morrow's will, and that the right to have the judgment revived had become barred by the statute of limitations. Upon two issues raised by these objections the company presented evidence, and sought the judgment of the court in its favor. Had the court decided these points against the plaintiff, he would have been defeated, not because the court was without jurisdiction of the defendant or of the subject-matter of the action, but because the facts alleged and proved did not entitle him to the relief demanded. These objections did not relate to the power of the court to hear and determine the application. They denied Robbins' right to a revivor, because his demands for relief were improperly blended, because he had no capacity to maintain the proceeding, and because the claim which he was seeking to enforce had become stale. The effort of the company evidently was to try the matter and obtain a judgment on the merits while standing just outside the threshold of the court. This it could not do. A party can not be

permitted to occupy so ambiguous a position.  He can not
deny the authority of the court to take cognizance of an
action or proceeding, and, at the same time, seek a judg-
ment in his favor on the ground that his adversary's
allegations are false or that his proofs are insufficient.
"A special appearance," says Mitchell, J., in *Gilbert v.
Hall*, 115 Ind., 549, "may be entered for the purpose of
taking advantage of any defects in the notice or sum-
mons, or to question the jurisdiction of the court over the
person in any other manner; but filing a demurrer or
motion which pertains to the merits of the complaint or
petition constitutes a full appearance, and is hence a sub-
mission to the jurisdiction of the court."   Whether an
appearance is general or special does not depend upon
the form of the pleading filed, but on its substance.   If a
defendant invoke the judgment of the court, in any man-
ner, upon any question, except that of the power of the
court to hear and decide the controversy, his appearance
is general.   See *Hurlburt v. Palmer*, 39 Nebr., 158; *South
Omaha Nat. Bank v. Farmers & Merchants Nat. Bank*, 45
Nebr., 29; *Fowler v. Brown*, 51 Nebr., 414; *Warren v. Cook*,
116 Ill., 199; 2 Ency. Pl. & Pr., 636.

We will now inquire whether the court was justified
in making the order of revivor more than four years after
Morrow died, and more than five years after the issuance
of an execution on the judgment.   The statutory proceed-
ing to revive a dormant judgment is a substitute for the
common-law writ of *scire facias*.   It is not the commence-
ment of a civil action, but the continuation of an action
previously commenced.   The object in view is not to ob-
tain a judgment, but to obtain permission of the court
to execute a judgment already in existence.   See *Eaton v.
Hasty*, 6 Nebr., 419; *Irwin v. Nixon*, 11 Pa. St., 425; *Rice v.
Moore*, 48 Kan., 590; Freeman, Executions [1st ed.], sec.
81.   Clearly then the general limitation law, which pre-
scribes the time within which civil actions shall be com-
menced, has no application to the revivor of judgments.
But it is insisted by counsel for defendant that the spe-

cial limitation contained in sections 456-470 of the Code of
Civil Procedure does apply. This chapter provides the
manner in which pending actions may be revived after
the death of either the plaintiff or defendant. It further
provides that the order of revivor shall not be made with-
out the consent of the defendant, or his personal repre-
sentative, after the expiration of one year from the time
it might have been first made. Sections 471-473 of said
Code prescribe the procedure for reviving dormant judg-
ments. Sections 472 and 473 are as follows:

"Sec. 472. If either or both the parties die after judg-
ment, and before the satisfaction thereof, their represen-
tatives, real or personal, or both, as the case may re-
quire, may be made parties to the same, in the same man-
ner as is prescribed for reviving actions before judgment;
and such judgment may be rendered and execution
awarded as might or ought to be given or awarded
against the representatives, real or personal, or both, of
such deceased party.

"Sec. 473. If a judgment become dormant, it may be
revived in the same manner as is prescribed for reviving
actions before judgment."

Both of these sections, it will be observed, declare that
the judgment is to be revived "in the same manner as
is prescribed for reviving actions before judgment."
Whether the limitation contained in chapter 1 may be
alleged as a defense to a motion to revive a judgment
under the provisions of sections 471-473 depends, there-
fore, upon the import of the word "manner" as it is
used in the sections quoted. If the word embraces the
idea of time, the special limitation is applicable to pro-
ceedings of this character; otherwise it is not. The man-
ner of doing a thing has reference to the way of doing—
to the method of procedure—and the element of time
does not seem to be involved. In *United States v. Morris*,
1 Curtis [U. S. C. C.], 26, it is said: "Generally the time
of doing an act and the manner of doing an act are dis-
tinct things." In at least three cases the question now

under consideration was presented to this court, and in each case it was distinctly held that there is no statutory bar to the proceeding for the revivor of judgments under the sections above quoted. *Hunter v. Leahy*, 18 Nebr., 80, was a motion to revive a judgment twelve years after the last execution had been issued thereon. The defendant interposed the objection that the right to revive was barred by the statute of limitations. The court overruled the objection, saying in the syllabus: "The limitation of one year within which an action may be revived on motion does not apply to the revival of a judgment." "The statute," says MAXWELL, J., in the body of the opinion, "does not provide that the judgment is to be revived in one year from the time it became dormant or the right to revive will be barred, and we have no authority to insert words to that effect therein." In *Creighton v. Gorum*, 23 Nebr., 502, it was held, on motion to revive a judgment that had been dormant for more than four years, that the plaintiff was entitled to the order, notwithstanding the defendant's objection that no execution had ever been issued. In *Boyd v. Furnas*, 37 Nebr., 387, there was a motion by an administrator to revive a judgment, and substitute him as plaintiff therein. The motion was made fifteen years after the rendition of the judgment. The defendant objected on the ground, among others, "that said application was not made within the time fixed by law." The trial court refused to sustain the objection, and its action in the matter was approved, this court saying in the syllabus: "The limitation of one year in which to revive an action on motion does not apply to a proceeding to revive a judgment." So both on principle and precedent the district court of Valley county was right in quickening the judgment and authorizing Robbins to enforce it.

It is finally urged as a reason for reversing the order of revivor that the proceeding by supplemental petition instead of by motion was fatally irregular. That point was not raised in the trial court and is, therefore, not

entitled to be considered here. The original attack on the plaintiff's application was based on its lack of substance and the alleged falsity of some of its averments, not because it was defective in form. The order of revivor entered by the district court is

AFFIRMED.