HAYNES, *Admx.*, v. CITY NAT. BANK OF LAWTON *et al.*

No. 1353.    Opinion Filed January 9, 1912.

(121 Pac. 182.)

1.  INSURANCE—Companies—Actions—Venue. An action against a nonresident insurance company is properly brought in the county of the plaintiff's residence.

2.  PARTIES—Defendants—Interest in Controversy. Any person who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination of settlement of the questions involved, may be made a party defendant.

3.  SAME—Bringing in New Parties—Authority of Court. The court may determine any controversy between any parties before it, when it can be done without prejudicing the rights of others, or by saving their rights. When, however, this cannot be done without the presence of other parties, the court must order them brought in.

4.  PROCESS—Domicile of Parties—Codefendants. Where a nonresident insurance company is sued in the county where the plaintiff resides, a summons may issue to any other county, against a defendant made a party after proper showing by order of court.

5.  APPEARANCE — Special Appearance — "General Appearance." Whether an appearance is general or special does not depend upon

the form of the pleading, but upon its substance. If a defendant invokes the judgment of the court upon any question, except that of the power of the court to hear and decide the cause, his appearance is general.

6.    **EXECUTORS AND ADMINISTRATORS**—Claims Against Estate—Necessity for Presentation. In an action brought by the assignee of a life insurance policy to recover the amount of the policy due upon the death of the insured, the administratrix of the estate having been made a party upon application of the insurance company, the petition of plaintiff making no claim or demand against the estate, it is not necessary that the plaintiff's claim be first presented to the administratrix for allowance, and a petition failing to allege such presentation is not subject to demurrer by reason thereof.

(Syllabus by Sharp, C.)

*Error from District Court, Comanche County; J. T. Johnson, Judge.*

Action by the City National Bank of Lawton against the New York Life Insurance Company and Sarah C. Haynes, impleaded as defendant. From the judgment, defendant Sarah C. Haynes, administratrix, brings error. Affirmed.

*John H. Wright* and *Clarence E. Blinn,* for plaintiff in error.

*Louis Davis,* for defendant in error City Nat. Bank.

*Stevens & Myers,* for defendant in error New York Life Ins. Co.

Opinion by SHARP, C.   On November 17, 1908, defendant in error the City National Bank of Lawton, a banking corporation, brought an action in the district court of Comanche county against the New York Life Insurance Company to recover judgment on two life insurance policies issued on or about May 27, 1908, on the life of Edward P. Haynes. These policies were for $2,500 each, and were payable to the executors, administrators, or assigns, or to the duly designated beneficiary of the insured, and were, on May 30, 1908, assigned in writing to the City National Bank, at the time a creditor of the said Edward P. Haynes in a sum in excess of the face value of the two policies. The insured died August 25, 1908, and the bank notified said insur-

ance company thereof, and thereafter made due proof of death and demanded payment to it as assignee, which was refused. The summons issued in Comanche county against the insurance company was directed to the sheriff of Oklahoma county, and served upon Richard R. Lee, cashier of its Oklahoma branch at Oklahoma City, and due return thereof made. The New York Life Insurance Company is and was a nonresident corporation. On December 18, 1908, the insurance company filed its answer and plea of interpleader admitting the execution and delivery of said life insurance policies; that the same were payable to the executors, administrators, or assigns of the insured, or to the designated beneficiary; the death of the insured; that there had been filed with the company a copy of the assignment of both policies to the bank; and that subsequent notice and proof of death were made in accordance with the terms and conditions of the policies. The insurance company further answered that one Sarah C. Haynes of Oklahoma City was the duly appointed and qualified administratrix of the estate of the deceased, and as such had made claim to the proceeds of said policies, having served notice on said company that she claimed the full amounts due thereunder. Said company further answered, setting up that it had no interest in the demands of either party to said fund, and that its sole desire in the premises was that all parties interested might be brought before the court and the liability of the company ascertained, that it might with safety pay the same to the party entitled thereto, that said administratrix was not only a proper, but a necessary, party defendant to a complete determination of the matters and things involved, as provided for by the statutes in such cases made and provided, and asked that the said administratrix be, by order of court, made a party defendant, and that summons issue to her directed to the sheriff of Oklahoma county, Okla., and that said company be permitted to deposit with the clerk of the court the proceeds of said policies, and that thereupon it be acquitted and discharged of all responsibility and liability to either party. On February 23, 1909, the court ordered the administratrix made a party defendant, and on which date summons was issued by the clerk of the district court of Comanche

county, directed to the sheriff of Oklahoma county, in which was recited the order of the court making said administratrix a party defendant. This summons was served by the sheriff of Oklahoma county, February 27, 1909, and return thereof duly made.

On March 26, 1909, the administratrix filed in the district court of Comanche county the following motion, formal parts omitted:

"Comes now the above defendant, Sarah C. Haynes, administratrix, and appears specially in said cause and for this motion only, and hereby moves the court to quash and set aside the service of summons in the above-entitled cause, for the following reasons, to wit: (1) Said court has no jurisdiction of the subject-matter of this action. (2) That the original jurisdiction in all such actions is in the county court, and not in the district court. (3) That said defendant is improperly joined and sued in said action. (4) That the said petition and cross-petition do not state a cause of action or state any reason why this defendant should be joined or made a party therein. (5) That the county court of Oklahoma county, prior to the filing of said suit, acquired jurisdiction of the property involved in this action. (6) That this defendant has no interest in the controversy between the plaintiff bank and the defendant insurance company. (7) That the court has not acquired any jurisdiction over this defendant. (8) That the said plaintiff cannot maintain suit against this defendant or any one else until its claim has been presented to the administratrix as provided by law. (9) There are several independent and different causes of action improperly joined."

On May 25, 1909, judgment was rendered in favor of the bank, and against the insurance company, the journal entry reciting that:

"All parties appeared by their attorneys, and that the court, having heard the evidence, found that, at the time of his death, said Edward P. Haynes was indebted to the bank in the sum of $5,888.47, no part of which had ever been paid, and that in order to pay said indebtedness said Haynes, being insolvent, made the two policies of life insurance heretofore described and at the same time assigned them to the bank."

That part of the judgment passing upon the motion of said Sarah C. Haynes, administratrix, is as follows:

"It is therefore ordered, adjudged, and decreed that the motion of Sarah C. Haynes to quash and set aside service in said

cause be, and the same is hereby, overruled, to which ruling said movant, the said Sarah C. Haynes, excepts, and the exception is by the court allowed, and thereupon movant elected to stand upon her motion and refused to further plead."

To the action of the court in allowing the insurance company an attorney's fee of $100, to be paid out of the funds deposited, both the bank and movant excepted. The insurance company, however, has not appealed from this order, and that part of the judgment is not assigned as error by the administratrix. The errors assigned are: (1) That no action could be maintained by the bank on the policies of insurance; no claim having ever been presented to the administratrix for allowance. (2) The administratrix was improperly joined in the action. (3) The court had no jurisdiction of either the subject-matter or the parties defendant.

Counsel for plaintiff in error relies upon section 4255, Wilson's Rev. & Ann. St. 1903. Previous sections of the statutes fix the venue of various classes of actions. The foregoing section reads:

"Every other action must be brought in the county where the defendant or some one of the defendants reside or may be summoned."

Counsel, however, have apparently overlooked the act of April 28, 1908 (Sess. Laws 1907-08, p. 592, sec. 7), designating the counties in which a civil action may be brought, and which provides that:

"If the defendant be a foreign insurance company, the action may be brought in any county where the cause of action or any part thereof arose, or where the plaintiff resides, or where such company has an agent."

It was charged in the petition, and admitted in the answer, that defendant insurance company was a corporation, organized under the laws of New York. The corporate organization and existence of the bank, and its place of business at Lawton, Comanche county, were both alleged and admitted in the pleadings. It is clear, therefore, that the venue properly lay in Comanche county, and that the action was rightly brought in said county.

Section 4234, Wilson's Rev. & Ann. St. provides that:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved."

While section 4239 provides:

"The court may determine any controversy between any parties before it, when it can be done without prejudice to the rights of others or by saving their rights; when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in."

This case is one coming within the purview of the foregoing provisions of the statutes. The administratrix, both before and after she was made a party defendant, was actively asserting a claim to the fund due under the policies. The court could therefore not properly determine the controversy between the original parties without prejudicing the rights of either the insurance company or of plaintiff in error. It was therefore not only proper, but necessary, as shown by the bill of interpleader, that the administratrix be made a party to the proceedings. The insurance company offered no objection and raised no question as to the jurisdiction of the court; in fact. could not have done so. In its answer, it became the moving party.

Section 4260, Wilson's Rev. & Ann. St., provides that where an action is rightly brought in any county, according to the provisions of article 5 (designating the county in which actions may be brought), a summons shall be issued to any other county against any one or more defendants, at the plaintiff's request. Section 7 of the act of April 28, 1908, as to a foreign insurance company, supersedes section 4255 of Wilson's Statutes. The defendant, having been rightly sued in Comanche county, was entitled, upon proper showing made, to have all parties interested brought before the court, and have a summons issued, directed to the sheriff of Oklahoma county, for service upon the administratrix, who was a resident of said county. In no other way, plaintiff having elected to sue in Comanche county, could the administratrix have been brought in as a party to said action. If the trial court, in making parties defendant, were limited to residents of the particular county in which the action was pending, the provisions

of the statute pertaining to the making of new parties would be shorn of much of their salutary power. We agree fully with counsel that, in order to summons one not a resident of the county where the suit is brought, some one or more defendants must be rightly suable in such county; otherwise, no jurisdiction is acquired over the nonresident. This question was authoritatively decided by the Supreme Court of Kansas in an opinion by Brewer, J., in *Hendrix et al. v. Fuller,* 7 Kan. 332, where it was said in the syllabus:

"Where one of two defendants in the county where the suit is brought acknowledges service on the back of the summons, a summons for the other defendant may be rightly issued to another county."

Before a summons can rightly issue from one county to another, the person served with the summons in the county in which the action is brought must have a real and substantial interest in the subject of the action adverse to the plaintiff and against whom some substantial relief may be obtained, and the action must be rightly brought in the county in which it is brought, as against the person served with summons in such county. *Brenner v. Egly,* 23 Kan. 125; *Rullman v. Hulse,* 32 Kan. 598, 5 Pac. 176; *Id.,* 33 Kan. 670, 7 Pac. 210; *Allen v. Miller,* 11 Ohio St. 374; *Drea v. Carrington et al.,* 32 Ohio St. 595. The requirements of the foregoing authorities, based upon a statute similar in its requirements to the one here considered, is conclusive of the question that the district court of Comanche county had jurisdiction over the plaintiff in error, unless other of the assignments of plaintiff are well taken.

The motion filed by plaintiff in error, above set forth, among other objections, urges that the defendant is improperly joined in said action; that the petition and cross-petition do not state a cause of action or give any reason why the defendant should be joined or made a party; that prior to filing suit the county court of Oklahoma county had acquired jurisdiction of the property involved in the action; that the defendant had no interest in the controversy between the plaintiff bank and the insurance company; that plaintiff cannot maintain its action against the de-

fendant or any one until the claim has first been presented to the administratrix for allowance or rejection; and that several independent and different causes of action are improperly joined. A determination of these questions would have involved a decision of the merits of the controversy.

In *Bankers' Life Insurance Company v. Robbins,* 59 Neb. 170, 80 N. W. 484, in response to an additional order of revivor served upon the company, the insurance company appeared in court and filed what it styled "a special appearance," assigning eighteen objections to the revival of the judgment. Some of the objections raised issues of fact which were tried and submitted upon oral evidence. The court held that any inquiry into the efficiency of the order was a jurisdictional process, because it was said that the defendant by its "special appearance" appeared generally, and thus became subject to the authority of the court. One of the objections urged was: "That the several kinds of relief sought by plaintiff were improperly joined." Upon this and another issue raised by the company's objection, after evidence taken, the court held that, had these points been decided against the plaintiff, he would have been defeated, not because the court was without jurisdiction of the defendant or of the subject-matter of the action, but because the facts alleged and proved did not entitle him to the relief demanded. That those objections did not relate to the power of the court to hear and determine the application, but because, the court said:

"The effort of the company evidently was to try the matter and obtain a judgment on the merits while standing just outside the threshold of the court. That it could not do. A party cannot be permitted to occupy so ambiguous a position. He cannot deny the authority of the court to take cognizance of an action or proceedings, and at the same time seek a judgment in its favor on the ground that his adversary's allegations are false or that his proofs are insufficient. * * * Whether an appearance is general or special does not depend upon the form of the pleading, but on its substance. If a defendant invoke the judgment of the court in any manner upon any question except that of the power of the court to hear and decide the controversy, his appearance is general."

*Hurlbut v. Palmer,* 39 Neb. 158, 57 N. W. 1019; *South Omaha Nat. Bank v. F. & M. Nat. Bank,* 45 Neb. 29, 63 N. W. 128; *Fowler v. Brown,* 51 Neb. 414, 71 N. W. 54; *Warren v. Cook,* 116 Ill. 199, 5 N. E. 538; *Gilbert v. Hall,* 115 Ind. 549, 18 N. E. 28; 2 Ency. P. & P. 636.

The administratrix having, therefore, invoked the judgment of the court on questions other than of its jurisdiction, the appearance was general, and the motion to quash and set aside the service was properly overruled. A special appearance necessarily precludes a party entering it from obtaining any decision on the merits of the controversy. 3 Cyc. 528. But even treating the motion in the most favorable light possible, by considering it a demurrer both to the petition and the answer and interpleader, it could not be sustained.

Plaintiff bank sued as the transferee and owner of the policies of insurance. The court, in its judgment, found that the policies were assigned to plaintiff by Edward P. Haynes in payment of his indebtedness to the bank of $5,888.47. Plaintiff bank at no time sought any relief against the estate of decedent. The administratrix was brought into the cause on the application of the insurance company. The statutes regulating the time within which claims against an estate arising on contract must be presented for allowance or rejection can have no application in such case. In *Christy v. Dana,* 34 Cal. 548, a mortgage had been executed by the intestate upon certain lands which, prior to his death, he and his wife had conveyed to the Notoma Water & Mining Company. Action was brought against the administratrix and the company for the foreclosure of the mortgage. A decree of foreclosure was rendered, and it was urged on appeal that the plaintiff's claim was not presented to the administratrix for allowance until after the administration was closed. It was held that:

"Inasmuch as no relief is demanded against the estate, and the intestate at the time of his death had no interest in the land, there was no need for the plaintiff to present his claim to the administratrix for allowance."

This decision was followed and approved in *Schadt v. Heppe, Adm'r,* 45 Cal. 433.

In *Kerns v. McKean,* 65 Cal. 411, 4 Pac. 404, it was said:

"The law did not require Patteson to present any claim against the estate of Sanborn to his administrator. He asked nothing against the estate. He was merely claiming his own property. The failure to present such claim was no defense to this action."

If the cause of action had been brought by plaintiff seeking to foreclose a mortgage or as a pledgee, seeking to enforce the contract of pledge, a construction of the statute with reference to the necessity of its being presented to the administratrix would perhaps arise; but such is not the question presented for our consideration, and we are therefore not called upon to express any opinion on that questioin.

The questions considered cover the only assignments of error urged in the brief of plaintiff in error. The judgment of the trial court should therefore be affirmed.

By the Court: It is so ordered.

All the Justices concur.