## PRAIRIE OIL & GAS CO. v. DISTRICT COURT OF GRADY COUNTY et al.

No. 8887—Opinion Filed Sept. 3, 1918.

(174 Pac. 1056.)

(Syllabus.)

1. Corporations—Actions Against—Venue—Constitutional Law.

The act of the Legislature approved February 25, 1911 (section 1, c. 26, pp. 46-48, Sess. Laws 1910-11), authorizing suit to be filed against any foreign corporation doing business in the state, in any county thereof where such corporation "has property," is not repugnant to section 43, art. 9, of the Constitution, authorizing suit to be maintained against a foreign corporation "in the

county where an agent of such corporation may be found, or in the county of the residence of the plaintiff, or in the county where the cause of action may arise."

## 2. Constitutional Law — Venue — Authority of Legislature.

As the authority of the Legislature extends to all rightful subjects of legislation, the constitutional guaranty of the right to sue a foreign corporation either in the county where an agent of such corporation may be found, the county of the residence of the plaintiff, or in the county where the cause of action may arise, does not deprive the Legislature of the power to provide for additional places where such corporation may be sued.

Petition by the Prairie Oil & Gas Company against the District Court of Grady County and others for a writ of prohibition. Writ denied.

T. J. Flannelly and Burford, Robertson & Hoffman, for petitioner.

Riddle & Hammerly, for respondents.

SHARP, C. J. On the 6th day of October, 1916, the Paden Oil Company, a domestic corporation with its office in the city of Oklahoma City. instituted in the district court of Grady county an action against the Prairie Oil & Gas Company, a foreign corporation, for the recovery of damages in the sum of $750,000, with interest. A summons was issued by the court clerk of Grady county, directed to the sheriff of Oklahoma county, commanding him to notify the Prairie Oil & Gas Company that it had been sued by the plaintiff, the Paden Oil Company, in the district court of Grady county. Service was had on the defendant named therein by the sheriff of Oklahoma county, by delivering to Henry Williams, its service agent, a copy of the summons on October 7. 1916. Due return of the summons was made and within the time fixed by law for the defendant to answer, or otherwise plead, it filed a special appearance and motion to quash the summons and service thereof, charging that the court was without jurisdiction of the defendant. On hearing thereof the motion to quash was overruled. Thereupon plaintiff filed an original proceeding in this court, asking for a writ of prohibition against the court and the judge thereof, on the ground that the district court of Grady county, because of section 43, art. 9, of the Constitution, was without jurisdiction of defendant. In support of its contention petitioner relies entirely upon the aforementioned section of the Constitution, which reads:

"No corporation, foreign or domestic, shall

be permitted to do business in this state without first filing in the office of the Corporation Commission a list of its stockholders, officers, and directors, with the residence and post office address of. and the amount of stock held by each. And every foreign corporation shall, before being licensed to do business in the state, designate an agent residing in the state; and service of summons or legal notice may be had on such designated agent and such other agents as now are or may hereafter be provided for by law. Suit may be maintained against a foreign corporation in the county where an agent of such corporation may be found, or in the county of the residence of plaintiff, or in the county where the cause of action may arise."

The agent referred to upon whom service of process may be had obviously refers to the resident agent, which the Constitution requires shall be designated by the nonresident corporation. The Constitution names three places where a foreign corporation may be sued: (1) In the county where the service agent of the corporation may be found; (2) in the county of residence of plaintiff; (3) in the county where the cause of action arose. This provision of the Constitution was held to be self-executing in Atchison, Topeka & Santa Fe Ry. Co. v. Lambert. 32 Okla. 665, 123 Pac. 428. Admittedly, under this provision of the Constitution suit could not be maintained in Grady county against the Prairie Oil & Gas Company. unless it saw fit to waive its right to object to the venue. The respondents make no claim of proceeding under the constitutional authority, but say that the action could properly be instituted in Grady county because of section 1, c. 26, of an act of the Legislature approved February 25, 1911 (Sess. Laws 1911, pp. 46-48), which provides:

"Any foreign corporation, doing business in the state of Oklahoma, and any person now or hereafter having any cause of action against such corporation, arising on contract, tort, or otherwise, may file suit in any county in the state of Oklahoma where the plaintiff resides or where said corporation has its principal place of business, or has property. or in any county where said corporation has an agent appointed upon whom service of summons or other process may be had."

As the Prairie Oil & Gas Company is a foreign corporation, and it is not denied that it was doing business in the state, and as it is charged in the response, and not denied, that it had property in Grady county, obviously it was suable in that county. unless the statute is in conflict with the pro-

visions of the Constitution to which attention has been called. The question presented is: Did the Legislature have the power to enact that a foreign corporation could be sued elsewhere in the state than as provided in the Constitution? Section 1, art. 5, of the Constitution, provides that the legislative authority of the state shall be vested in a Legislature, consisting of a Senate and a House of Representatives, but reserves to the people the power to propose laws and amendments to the Constitution and to enact or reject the same at the polls independent of the Legislature, and also reserves in the people the power at their option to approve or reject at the polls any act of the Legislature. By section 7, art. 5, it is provided that the reservation of the powers of the initiative and referendum in article 5 shall not deprive the Legislature of the right to repeal any law, or propose or pass any measure, which may be consistent with the Constitution of the state and the Constitution of the United States. Subject to the rights reserved to the people, the Legislature had the power to enact any law not inconsistent with the state or federal Constitution, even though the subject had already received consideration on the part of the makers of the Constitution. The accepted theory of our form of government is that in every sovereign state there resides an absolute and uncontrolled power of legislation. In Great Britain this complete power rests in Parliament; in the American state it rests in the people themselves as an organized body politic. But the people, by creating the Constitution of the United States, have delegated this power as to certain subjects, and under certain restrictions, to the Congress of the United States; and that portion they cannot resume, except as it may be done through amendment of the national Constitution. For the exercise of the legislative power, subject to this limitation, they created, by their state Constitution, a legislative department, upon which they confer it; and, granting it in general terms, they must be understood to grant the whole legislative power which they possessed, except so far as at the same time they saw fit to impose restrictions, or to reserve to the people the right, independent of the Legislature, to propose laws and to enact, approve, or reject the same at the polls.

While, therefore, the Parliament of Great Britain possesses completely the absolute and uncontrolled power of legislation, in this country a state Legislature possesses the same power, except (1) as it may have been limited by the Constitution of the United States; and (2) as it may have been limited or reserved to the people by the Constitution of the state. A legislative act cannot, therefore, be declared void, unless its conflict with one of these two instruments can be pointed out. The Constitution merely provides that a foreign corporation may be sued in certain designated counties. It contains no inhibition against the Legislature authorizing suits to be brought in other counties, and does not, therefore, unless impliedly, exclude the Legislature from enacting a statute providing additional places where suits may be brought, conditioned that such legislation be not in conflict with the Constitution. This much seems beyond controversy from a reading of section 36, art. 5, of the Constitution, which provides that the authority of the Legislature shall extend to all rightful subjects of legislation, and that any specific grant of authority in the Constitution, upon any subject whatsoever, shall not work a restriction, limitation, or exclusion of such authority upon the same or any other subject or subjects whatsoever. So it cannot be said that, because the Constitution fixed certain counties in which suits against a foreign corporation could be brought that thereby the maxim, "Inclusio unius est exclusio alterius," applies so as to render the Legislature altogether impotent to name additional places.

In State ex rel. Caldwell v. Hooker, 22 Okla. 712, 98 Pac. 964, it was said that, though a constitutional provision may be self-executing, yet legislation may be desired for the better protection of the rights secured, and to provide a specific and convenient remedy for carrying out such provision. Though there are some points of difference in the question presented in that case and the one at bar, the controlling principle is the same. The rule announced in the Hooker Case was followed in Anderson v. Ritterbusch, 22 Okla. 761, 796, 98 Pac. 1002-1016. To permit suits to be brought in a county where a foreign corporation has property is not a denial of the right to sue such corporation in a county where its service agent may be found, or in the county of the residence of plaintiff, or in a county where the cause of action may arise. The statute in this respect is not in conflict with the Constitution, hence is not repugnant thereto.

The Legislature was the sole and exclusive judge of the expediency and wisdom of the act making foreign corporations suable in places other than that named in the Constitution so long as the rights thereby guaranteed were not affected. As the case was rightly instituted in Grady county the stat-

ute authorized the issuance of a summons to another county at the plaintiff's request. Section 4706, Rev. Laws 1910; Haynes v. City National Bank of Lawton, 30 Okla. 614, 121 Pac. 182.

As the venue of the action properly lay in Grady county, and as the action was properly instituted and summons served on the service agent of respondent Prairie Oil & Gas Company in Oklahoma county, the district court of Grady county had jurisdiction of the action, the further proceedings over which the present action is brought to prohibit.

The writ is therefore denied.

All the Justices concurring.