**EL JARDIN IMMIGRATION CO. et al. v. HUDSON.**

No. 15259—Opinion Filed March 31, 1925.

Rehearing Denied May 26, 1925.

**Appearance—Demanding Affirmative Relief After Special Appearance.**

If a defendant who has objected to the jurisdiction of the court over his person, after his objection has been overruled, voluntarily demands and receives affirmative

relief in the same action, he submits his person to the jurisdiction of the court for all purposes and he will be deemed to have waived such objection.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Adair County; J. T. Parks, Judge.

Action by J. F. Hudson against the El Jardin Immigration Company and Lee B. James to recover a money judgment. Judgment for plaintiff, and defendants appeal. Affirmed.

E. M. Connor, for plaintiffs in error.

E. B. Arnold, for defendant in error.

Opinion by FOSTER, C. In this case the defendant in error, as plaintiff, sued the plaintiffs in error, as defendants, in the district court of Adair county, to recover a sum of money alleged to be due and owing to the defendant in error as commission growing out of a real estate transaction.

Parties will be hereinafter referred to as they appeared in the trial court.

The defendants were both nonresidents of the state of Oklahoma, and service was obtained on both of them by publication.

After issue had been joined in the action in April, 1923, the plaintiff died intestate, and thereafter, to wit, October 1, 1923, an order was entered by the trial court reviving the action in the name of Mattie B. Coffey, who had been appointed by the county court of Adair county as administratrix of plaintiff's estate.

Upon a trial of the cause had on the 8th day of October, 1923, thereafter, the defendants appeared by their attorneys and objected to a trial, and asked that the cause be stricken from the trial docket for the reason that notice of the application for revival had not been properly served on the defendants, and that the cause had not been properly revived, which objection was, by the court, overruled, and exceptions reserved.

A jury was thereupon waived by the consent of the parties, witnesses sworn, and the parties made their respective statements to to the court. Upon the offer of testimony by the plaintiff, the defendants again interposed the following objection:

"By Mr. Connor: Comes now the defendants, and each of them, and objects to the introduction of any testimony herein for the reason that this case is not at issue and that the same has not been revived according to law, that no notice of the application for revivor in said case has ever been served upon the defendants, or either of them in the manner provided by law and that the purported service of notice on Halley & O'Brien, is entirely insufficient to confer jurisdiction upon this court, or to allow the introduction of evidence in the case at this time. The Court: The objection is overruled. Mr. Connor: Save me an exception."

Trial resulted in a judgment for the plaintiff for the sum of $1,948, with interest at 6% from July 1, 1922. Motion for a new trial was filed and overruled, exceptions allowed, and the defendants appeal.

We shall dispose of this case upon the theory that any want of jurisdiction in the trial court to render its judgment herein on account of the improper revival of the action in the name of the administratrix of the plaintiff has been waived by the defendants, and shall therefore express no opinion on the sufficiency of the revival order to confer jurisdiction on the trial court over the persons of the defendants.

The question presented is whether, in case the cause was not properly revived, the judgment of the trial court is not still a valid judgment by reason of the nature of the appearance made by the defendants and the nature of the relief demanded by them at the trial.

The record shows that prior to the death of the plaintiff in April, 1923, the defendants by their attorneys, Halley and O'Brien, had filed a cross-petition against the plaintiff in which they claimed they had loaned the plaintiff various sums of money aggregating $1,151.11, for which they demanded judgment, in addition to the prayer of their answer that the plaintiff take nothing by his petition.

While it is true that this cross-petition in the form in which it appears in the record was not refiled by the defendants after the objection to the trial and to the introduction of testimony made by them on the 8th day of October, 1923, yet the defendants voluntarily appeared at the trial and offered evidence in support of this cross-petition and this evidence was admitted and the relief demanded by the cross-petition granted by the court upon consideration and allowance of evidence so offered. It further appears that after the first objection to a trial was made the defendants stipulated and agreed in open court that Mattie Coffey had been duly appointed administratrix of the estate of the deceased plaintiff.

The general rule of practice obtaining in this state is that where a party desires to raise the question of the jurisdiction of the

court over his person and preserve it for review by the appellate court, he must appear specially and for the sole purpose of objecting to the jurisdiction of the court, and after his objection has been overruled, he may answer and go to trial without waiving such objection. Chicago Building & Manufacturing Co. v. Pewthers, 10 Okla. 724, 63 Pac. 964; Spaulding et al. v. Polley et al., 28 Okla. 764, 115 Pac. 864.

But it has been held in a number of cases that even under this rule, where the party attempts to appear specially, he will be regarded as having entered a general appearance, and to have waived the question of the jurisdiction of the court, when, from a consideration of the substance as distinguished from the form of his pleading, it appears that he is invoking the judgment of the court upon nonjurisdictional questions. Haynes v. City National Bank of Lawton, 30 Okla. 614, 121 Pac. 182; Pratt v. Pratt, 41 Okla. 577, 139 Pac. 261; Bankers Life Ins. Co. v. Robbins, 59 Neb. 170; Dickinson et al. v. Abb et al., 73 Okla. 322, 176 Pac. 523. In Haynes v. City National Bank of Lawton, supra, it is said in the fifth paragraph of the syllabus:

"Whether an appearance is general or special does not depend upon the form of the pleading, but upon its substance. If a defendant invokes the judgment of the court upon any question, except that of the power of the court to hear and decide the cause, his appearance is general."

In Bankers Life Ins. Co. v. Robbins, supra, the Supreme Court of Nebraska said:

"The effort of the company evidently was to try the matter and obtain a judgment on the merits while standing just outside the threshold of the court. This it could not do. A party cannot be permitted to occupy so ambiguous a position. He cannot deny the authority of the court to take cognizance of an action or proceeding, and, at the same time, seek a judgment in his favor on the ground that his adversary's allegations are false or that his proofs are insufficient. * * *.

"Whether an appearance is general or special does not depend upon the form of the pleading filed, but on its substance. If a defendant invoke the judgment of the court, in any manner, upon any question, except that of the power of the court to hear and decide the controversy, his appearance is general."

In both the Haynes Case and the Nebraska Case quoted, supra, the defendant attempted, by apt language incorporated in its pleading, to appear specially, yet the court in both cases held that the appearance was general and that the defendants had waived the jurisdictional question. In the instant case, at the time the defendants appeared and objected to the jurisdiction of the court over them, they did not state that they appeared specially, but after their objections had been overruled they went to trial and offered evidence in support of a claim for affirmative relief, and the court allowed this evidence and granted the relief sought.

Neither did it appear in the cases above referred to that any affirmative relief was sought by the pleadings there filed, but only matters of a defensive nature were raised, yet the court held that the defendants had entered a general appearance and waived all jurisdictional questions.

Whether the defendants, by failing to note in the record that they appeared specially and for the purpose only of objecting to the jurisdiction of the court would not, for this reason alone, be deemed to have entered a voluntary appearance for all purposes, is a question upon which we express no opinion since the record in this case clearly shows that the defendants not only failed to note a special appearance, but subsequently went to trial and demanded and received of the court relief of an affirmative nature. In these circumstances they will be regarded as having entered a general appearance and to have waived and abandoned all jurisdictional questions.

We therefore conclude that the judgment of the trial court is correct and should be affirmed.

Plaintiff has made proper application for judgment in this court against the surety of the defendants El Jardin Immigration Company and Lee B. James on the supersedeas bond in this appeal, the United States Fidelity & Guaranty Company. It is therefore ordered and adjudged by the court that the plaintiff, Mattie Simmons, formerly Mattie Coffey, administratrix of the estate of J. F. Hudson, deceased, do have and recover judgment against the United States Fidelity & Guaranty Company, a corporation, for the sum of $1,948, together with interest thereon from the date of the original judgment, and all costs, for all of which let execution issue.

By the Court: It is so ordered.