## SECURITY NAT. BANK et al., Adm'rs, v. MOSIER.

No. 18364.   Opinion Filed Sept. 25, 1928.

Rehearing Denied Dec. 18, 1928.

Thos. J. Casey, J. M. Humphreys, James C. Cheek, and Albert L. McRill, for plaintiffs in error.

Lewis P. Mosier, pro se.

RILEY, J. The defendant in error, as plaintiff in Osage county, sued the Security National Bank, a corporation, with its principal place of business located at Oklahoma City, Oklahoma county, as administrator of the estate of Eugene Mosier, deceased, and H. R. Little, a resident of Osage county, as

administrator of the estate of Ida May Mosier, deceased. The pla.ntiff based his action upon a contract of employment, as attorney, with Eugene Mosier, deceased. It was alleged in the petition that plaintiff represented Eugene Mosier in the county court of Osage county in the matter of heirship of Ida May Mosier, deceased daughter of Eugene Mosier; that in said cause Fannie B. Jones, divorced wife of Eugene Mosier, claimed to be the sole heir of Ida May Mosier, deceased, and plaintiff was employed to contest the claim of Fannie B. Jones and to represent Eugene Mosier in his claim for one-half the estate. The plaintiff represented his client in said county court and secured a favorable judgment. Fannie B. Jones appealed to the district court of said county, and the cause was reversed, whereupon Eugene Mosier, represented by plaintiff, appealed to the Supreme Court of Oklahoma, and this court reversed the district court and held with the county court, awarding Eugene Mosier one-half interest in the estate. From the judgment of this court, Fannie B. Jones sought to appeal to the Supreme Court of the United States by writ of certiorari, but was unsuccessful. Pending litigation in the Supreme Court of Oklahoma, Eugene Mosier died, and at the time of his death he was a resident of Oklahoma county. The Security National Bank, a corporation, located at Oklahoma City, was appointed administrator of his estate. H. R. Little had been appointed administrator of the estate of Ida May Mosier, deceased, in Osage county. After the Supreme Court of the United States refused to review the decision of this court, and the judgment had become final, the plaintiff, on October 31, 1925, served a lien statement on the Security National Bank, and on the day prior served a similar claim upon H. R. Little. These statements set out claims of lien upon the interest of Eugene Mosier in the estate of Ida May Mosier, deceased.

Summons in the case at bar was served on H. R. Little in Osage county and on the Security National Bank in Oklahoma county. Each of the defendants filed motions to quash summons, which were overruled. Likewise with motions to dismiss and demurrers to the petition. Answers were then filed, and after trial to a jury, the court rendered judgment for plaintiff in the sum of $8,000, and against defendants and each of them, and awarded a lien to plaintiff in said sum upon property and assets in the hands of H. R. Little, administrator, and directed the payment of the same.

Appellants urge that the trial court erred in overruling the special appearance and motions to quash summons.

This motion to quash the summons on the part of the Security National Bank attacks the issuance and service of summons upon the codefendant, H. R. Little, administrator, and asserts that the court did not have jurisdiction of the subject-matter of the action. Such a motion presents a matter for nice distinction as to whether non-jurisdictional grounds were asserted as well as jurisdictional grounds, the decision of which leads us to consideration of the merits of the cause as stated against the codefendant, H. R. Little, administrator of the estate of Ida May Mosier. However, we need not decide whether a general apearance was entered by the motion because of alleged non-jurisdictional averments, since we are called upon to decide whether H. R. Little, administrator, was a proper party to the action. For, if he was a proper party, and since he was served with process, under the law, a summons could properly issue to Oklahoma county against a defendant properly joined.

Now, the facts pleaded and developed by the proof are that plaintiff had a contractual debt flowing from Eugene Mosier, deceased, and that property and assets of the estate of Eugene Mosier were held by H. R. Little, as administrator of the estate of Ida May Mosier, and a lien was claimed to exist upon assets in the hands of the administrator in Osage county.

Section 219, C. O. S. 1921, provides:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein."

The fruits of the labor from whence the claim of plaintiff came were actually possessed by the administrator in Osage county. Mosier v. Jones, 109 Okla. 228, 235 Pac. 199. Possession of said property continued in said administrator subsequent to said litigation, and it seems reasonable that such administrator is a "necessary party to a complete determination" and "settlement of the question involved," for it is for possession of a part and portion of that property that Eugene Mosier strove by litigation in his lifetime and for a part of which the plaintiff now strives.

In Haynes v. City Nat. Bank of Lawton. 30 Okla. 614, 121 Pac. 182, it was held that the administratrix was a necessary party,

for "the court could therefore not properly determine the controversy between the original parties (the bank and insurance company) without prejudicing the rights of either the insurance company or of the plaintiff in error (the administratrix)."

While it is true the administrator and administration of Mosier's estate was located in Oklahoma county, yet the estate, or at least a valuable portion thereof, existed in Osage county in the hands of the administrator of Ida May Mosier's estate, so even though it be considered that the Osage county administrator was not a necessary party to a complete determination and settlement of the controversy, it appears that, since such Osage county administrator "had" and held a portion of the estate, and consequently claimed an interest therein, such administrator may be made a party. At least, such person was a proper party, whether or not a necessary one.

Therefore, we hold the administrator in Osage county was a proper party defendant. Being so, and consequently the action being rightly brought in Osage county, under the provisions of section 234, C. O. S. 1921, the summons rightfully issued to another county against the other defendant, the Security National Bank. Section 234, supra, provides as follows:

"Where the action is rightly brought in any county, a summons shall be issued to any other county against any one or more of the defendants, at the plaintiff's request."

We have reviewed the instructions given, and find no reversible error therein contained. The verdict of the jury upon which judgment was rendered was sustained by sufficient evidence. Without passing upon the validity of the lien, or the service of notice thereof upon the administrators, for the reason that appellants have bound themselves by giving bond to do and perform the judgment and pay the condemnation money if the judgment is affirmed **in whole or in part,** and since the lien claimed is not therefore essential to recovery, we affirm the judgment of the trial court.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, HUNT, CLARK, and HEFNER, JJ., concur.