**MARATHON METALLIC BUILDING COMPANY, a corporation, Petitioner,**

v.

**The DISTRICT COURT OF ALFALFA COUNTY, State of Oklahoma, and Honorable Joseph A. Young, Jr., Judge of said Court, Respondent.**

No. 45781.

Supreme Court of Oklahoma.

Oct. 2, 1973.

Monnet, Hayes, Bullis, Grubb, Thompson & Edwards, by Russell Thompson, Oklahoma City, for petitioner.

Pierce, Couch, Hendrickson, Gust & Short, by Hugh A. Baysinger, Oklahoma City, for respondent.

HODGES, Justice.

This suit arises out of the construction of a pre-engineered steel office and shop building in Cherokee, Oklahoma. The owner of the building is Willard Holderby d/b/a Holderby Ford (Holderby), a resident of Alfalfa County. The general contractor was Malco Construction Company (Malco), an Oklahoma corporation with its principal place of business located in Garfield County. The architect was Elbert M. Wheeler (Wheeler) a resident of Garfield County. The building was engineered and fabricated by Marathon Metallic Building Company (Metallic) a Texas corporation with its principal place of business in Houston, Texas, and sold through Metallic's authorized dealer, Malco.

Malco sued Holderby initially to recover the balance due under their construction contract. Holderby tendered the amount of Malco's claim into court and cross-petitioned against Malco for damages due to defects in the building. With leave of court Holderby also joined Wheeler as an additional party defendant on his cross-petition, asserting against Wheeler that he

was negligent in the design and supervision of construction. Wheeler was granted leave by the trial court to join Metallic, a Texas corporation domesticated in Oklahoma, as an additional party defendant for the purposes of a cross-petition. After the trial court overruled Metallic's Motion to Quash Plea to the Jurisdiction and Venue, Metallic initiated the present application for writ of prohibition.

Metallic's application for prohibition is founded solely on the ground that the District Court of Alfalfa County lacks venue over a foreign corporation which does not own property in, have debts owing or maintain its principal place of business in Alfalfa County.

The Oklahoma Constitution, Art. 9 § 43, provides that suit may be maintained against a foreign corporation in the county where an agent of such corporation may be found, or in the county of the residence of plaintiff, or in the county where the cause of action may arise.

Prairie Oil & Gas Co. v. District Court of Grady County, 71 Okl. 32, 174 P. 1056, 1057 (1918) stands for the premise that this constitutional provision does not deprive the legislature of the power to provide for additional places where a foreign corporation may be sued. This case holds that while the legislature cannot restrict the constitutional provision, it may provide for greater latitude in providing additional counties in which to sue foreign corporations.

Title 12 O.S.1971 § 187 provides for in personam jurisdiction over a foreign corporation such as Metallic, which transacts any business within the State, or manufactures or distributes a product which is sold in the regular course of business within the State and is used in the State. In his cross-petition, Wheeler alleges that Metallic does business in the State of Oklahoma, that it manufactures and distributes through its authorized dealer, Malco, products sold and used in the State of Oklahoma, and that it engineered, fabricated and delivered the building, the subject

of this action. These allegations are uncontroverted.

Insofar as venue is concerned, it is provided by 12 O.S.1971 § 187(d):

"* * * If one or more of the defendants is a resident of this State, the action shall be brought in any county where venue would be proper as to the resident defendant or one of the resident defendants if there are several."

The joinder statute, 12 O.S.1971 § 323, provides that any person who is liable on a claim may be joined as a party to the action when the claim arises out of the transaction or occurrence that is the foundation of the plaintiff's claim and which contains common questions of fact. Chicago, Rock Island and Pacific R. Co. v. Davila, 489 P.2d 760 (Okl.1971).

This court recently decided a similar situation which involved this joinder statute. In Triton Insurance Co. v. Stephenson, 516 P.2d 1338, (Okl.1973). We held that:

"A proceeding on a third-party plaintiff's claim authorizing the impleading of a third party defendant, is an ancillary proceeding incidental to the main action and no separate ground of jurisdiction is required. United States v. Acord (10 Cir.,) 209 F.2d (709) p. 711, 712, supra."

"* * * Venue and jurisdiction may be determined by the primary proceeding and no separate grounds are required for the ancillary action. Goodwin Brothers v. Preferred Risk Mutual Ins. Co., 410 S.W.2d 714, 716 (Ky.1967). See also Atchison, Topeka & Santa Fe, Ry. v. Superior Court, 368 P.2d 475 (Okl. 1962); United States v. Acord, 209 F.2d 709 (C.A. 10th Cir. 1954).

"The court in Haynes v. City Nat'l Bank, 30 Okl. 614, 619, 121 P. 182, 185 (1912) stated that a new party could not question the venue of a claim that was asserted against him. The court said:

'If the trial court, in making parties defendant, were limited to residents of the particular county in which the action was pending, the provisions of the stat-

ute pertaining to the making of new parties would be shorn of much of their salutary power.' "

Application to assume original jurisdiction granted and writ of prohibition denied.

IRWIN, BERRY, SIMMS, BARNES and LAVENDER, JJ., concur.

DAVISON, C. J., and WILLIAMS, V. C. J., concur by reason of stare decises.