HON. CLINTON F. IRWIN,
HON. BAYARD T. HAINER,
HON. BENJ. F. BURWELL,
HON. FRANK E. GILLETTE, } ASSOCIATE JUSTICES.
HON. J. L. PANCOAST,
HON. JAMES K. BEAUCHAMP,

---

NICHOLS & SHEPARD CO., *a corporation* v. W. W. BAKER.

(Filed June 25, 1903.)

SPECIAL APPEARANCE. A defendant who seeks to enter a special appearance in a cause by motion and sets forth therein both jurisdictional and non-jurisdictional grounds for dismissal, the filing of such motion amounts to a general appearance, and the fact that he denominates it a special appearance avails him nothing.

(Syllabus by the Court.)

*Error from the Probate Court of Blaine County; before W. H. Bowdre, Trial Judge.*

*W. S. Denton,* for plaintiff in error.

*Blake & Blake* and *Lookabaugh Bros.,* for defendant in error.

Opinion of the court by

GILLETTE, J.: This was an action of replevin brought by the Nichols and Shepard Company against W. W. Baker, in the probate court of Blaine county, on the 31st day of April, 1899. The case seems in every way regular, as shown by the record brought to this court. The replevin affidavit described the property and fixed its value at nine hundred and fifty dollars. The record shows the issuance and the due and legal service of the summons and writ of replevin. On May 2, the defendant Baker appeared specially and filed his motion to dismiss the action, and for an affirmative order on the plaintiff to return the property taken under the writ. The grounds laid in the motion were:

"First. For want of jurisdiction, for the reason that the property replevined in said above entitled case is of greater value than one thousand dollars, and files herewith in support of this motion the affidavit hereto attached, and makes the same a part hereof.

"Second. For the further reason that the property seized under the writ of replevin issued in said case was removed out of the jurisdiction of the court within less than twenty-four hours after the same was seized under said writ.

"Third. For the further reason that no summons was ever served on the defendant as provided by law."

On May 25, 1899, a stipulation was entered into by plaintiff and defendant, "that said action be continued until June 13." On July 6, 1899, the probate court heard the motion and sustained it for the reason that "no summons was ever served on the defendant." The plaintiff duly excepted to the order of the court dismissing the case, and ordering a return of the property to the defendant, and brings the case to this court on error. The record, as it comes to this court, does not contain the evidence, if any, that was introduced on

the motion to dismiss, but the plaintiff in error relies wholly on the fact that the defendant, by the filing of the motion he filed, containing as it does both jurisdictional and non-jurisdictional grounds, and by entering into a written stipulation for a continuance of the case, thereby made a general appearance which waived all irregularities in the summons and service thereof. A careful examination of the record convinces us that the plaintiff in error is correct. For the purpose of disposition of this case, it is not necessary for us to decide that the entering into the written stipulation for a continuance of the case amounted to such a general appearance as would give the court full jurisdiction in the action. Where the special appearance raises purely jurisdictional questions, authority can be produced holding that an agreement for a continuance will be held to relate to that part of the case only that is presented by the special appearance. The general rule is, however, that the entering into an agreement for a continuance, amounts to a general appearance. Passing by the question of the continuance, we come to the real point in this case. Does the motion to set aside the service, dismiss the action and order the plaintiff to return the property, though claimed by the defendant to be a special appearance, amount to such a general appearance as gives the court full jurisdiction of the case? The object and only office of a special appearance is the presentation of purely jurisdictional objections. If a defendant seeks to enter a special appearance, and in his motion sets forth both jurisdictional and nonjurisdictional grounds, it amounts to a general appearance, and the fact that the defendant denominated it a special appearance in his motion avails him nothing.

In a very recent utterance by the supreme court of Kan-

sas, which fully meets our approval, it is said: "An appearance in an action by a defendant, for any purpose, other than to contest the jurisdiction of the court, will give the court general jurisdiction over such person for all purposes of the litigation. (*Burnham v. Lewis,* 65 Kans. 481; 70 Pac. 337; *Cowens v. Trowbridge,* 6 Kans. 385.)

By the first and second grounds of the motion, the defendant calls upon the court to determine the value of the stock replevined, and also the question as to whether the said stock was removed from the jurisdiction of the court within less than twenty four hours after the same was seized under said writ. Both these grounds of the motion raise non-jurisdictional questions. Where it appears on the face of the petition that the court has no jurisdiction of the person of the defendant or the subject-matter of the action, it is a ground for demurrer under our code, and where these defects exist but do not appear on the face of the petition, they can be raised by answer. The party raising them, either by demurrer or answer, must of necessity enter a general appearance. Can it be claimed that the same questions can be raised by motion on a special appearance?

In addition to asking that the case be dismissed on jurisdictional and non-jurisdictional grounds, the defendant in his motion also asks for the affirmative relief that the plaintiff be decreed to return to him all the property that was taken under the writ. No re-delivery bond was given, so the property taken under the writ was in the hands of the plaintiff. The defendant asked for this affirmative relief and got it. If the judgment ordering a return of this property was valid, the court must have had jurisdiction, not only of the parties, but of the subject-matter as well. By invoking such jurisdiction the defendant clearly entered a general appearance.

Without passing on the question as to whether or not the first and second grounds of the motion would amount to valid jurisdictional grounds if properly presented, and without passing on the question as to whether or not the relief prayed for in the motion is available, in view of section 4062 of our code, we are clear that by the filing of this motion on jurisdictional and non-jurisdictional grounds, and by asking for the affirmative relief asked for, the defendant entered a general appearance, and the probate court erred in sustaining said motion and dismissing the case.

The judgment of the court below is reversed and the case is remanded with instructions to overrule the motion to dismiss.

Burford, C. J., and Pancoast, J., absent; all the other Justices concurring.