## In re WIDENER'S ESTATE.

No. 15131—Opinion Filed Feb. 17, 1925.

**1. Appearance—Special and General Appearance—Effect—Jurisdiction.**

In a proceeding in a court of record where persons having an interest in the proceeding make a special appearance and challenge the jurisdiction of the court because of lack of service of notice of the proceeding, such lack of service, if a requisite of jurisdiction, becomes wholly immaterial where such interested parties in the same motion and as a part of their special appearance invoke the power and jurisdiction of the court to determine a matter affirmatively alleged in such motion and which goes to and will determine the merits of the entire proceeding. Such appearance is general.

**2. Judgment — Res Adjudicata — Essential Elements—Evidence to Determine Fact.**

To constitute a good plea of res adjudicata, four essential elements must appear, viz.: (a) Identity of the subject-matter of the action; (b) identity of the cause of action; (c) identity of the persons or parties to the action, and (d) identity of quality or capacity in the persons to be affected thereby. The existence of these elements must be determined as matters of fact from the pleadings, findings, and judgment in the case relied on to create the estoppel.

**3. Same—Adjudication of Title and Inheritance—Effect on Widow's Allowance.**

A judgment in an original action brought in the district court to determine the title and right of inheritance to an intestate's estate, in which the second wife and widow of the intestate and his children by a former marriage are adverse parties, is not res adjudicata of the widow's claim to an allowance from the estate thereafter filed in the county court in the course of administration proceedings. The right of the widow to an allowance is a matter of probate procedure in the course of administration, of which the district court has no original jurisdiction, and the title and right of inheritance to the estate are not involved.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Pawnee County; Edwin R. McNeill, Judge.

Application of Minnie B. Widener for a widow's allowance out of the estate of James Widener, deceased. From an order denying her application by the county court she appealed to the district court and upon trial de novo an allowance was made. To reverse this order of the district court the children of James Widener, deceased, who are the respondents, bring this proceeding in error. Affirmed.

James Widener died in Pawnee county May 27, 1921, leaving surviving him the petitioner, Minnie B. Widener, who was his second wife and is now his widow, and seven children by his first wife, who are respondents in this proceeding. George W. Reynolds was appointed administrator of the estate of James Widener, deceased. On July 23, 1923, Minnie B. Widener filed her application in the administration proceedings in the county court for an order of that court granting her a widow's allowance from the estate of her deceased husband. The children above named resisted said application in the county court upon both jurisdictional and nonjurisdictional grounds, and the county court denied the application of the widow for an allowance. She duly perfected her appeal to the district court upon both questions of law and fact, and the case was tried de novo in that court November 19, 1923, resulting in an order granting her a widow's allowance and fixing the amount and duration of the payments. After unsuccessful motion for new trial the children of James Widener, deceased, respondents in the proceeding, have brought the case here by petition in error with case-made attached for review. The parties will be hereafter referred to as petitioner and respondents, respectively, as they appeared in the trial court.

W. J. Otjen and Geo. W. Buckner, for plaintiffs in error.

Chester H. Lowry and Thurman S. Hurst, for defendants in error.

Opinion by LOGSDON, C. Respondents have assigned six grounds of error in the petition in error, but in the view taken of the case here it will only be necessary to consider the sixth assignment, which is that the trial court erred in overruling the motion of respondents for a new trial. The twelfth ground of the motion for new trial reads:

"The judgment of the court herein is contrary to law."

Administration proceedings were pending in the county court of Pawnee county upon the estate of James Widener, deceased, of which George W. Reynolds was administrator. In that proceeding, and on July 23, 1923, the widow of James Widener filed her petition praying for an order of the county court making her an allowance as such widow, that it determine the amount and duration of such payments, and that it order the administrator to pay the same. August 7, 1923, respondents filed what they denominated a "special appearance and motion to dismiss." The first ground of the motion attacked the service of notice in the proceeding, which was a proper ground for special appearance, though its validity in the instant case is not here determined. The second ground of the motion was a plea of res adjudicata based on a judgment of the district court of Pawnee county in cause No. 4547, wherein respondents were plaintiffs and George W. Reynolds, administrator, Clarence Barnes, and petitioner herein were defendants. This plea of res adjudicata involved the merits of petitioner's claim to an allowance as widow and invoked the jurisdiction of the county court to determine that fact. It required the court to hear evidence and to determine therefrom whether the widow's right to an allowance from decedent's estate was directly in issue or necessarily involved in the adjudication in cause No. 4547. McDuffie v. Geiser Mfg. Co., 41 Okla. 488, 138 Pac. 1029; Webb v. Vaden, 75 Okla. 288, 183 Pac. 480; Cressler v. Brown, 79 Okla. 170, 192 Pac. 417; Bruner v. Bearden, 80 Okla. 154, 195 Pac. 117. This constituted a general appearance by respondents regardless of the merits of the other grounds of the motion. Nichols & Shepard Co. v. Baker, 13 Okla. 1, 73 Pac. 302; Haynes v. City Nat. Bank of Lawton, 30 Okla. 614, 121 Pac. 182; City Nat. Bank v. Sparks, 50 Okla. 648, 151 Pac. 225; Ed-

monston v. Porter, 65 Okla. 18, 162 Pac. 692.

The county court sustained the plea of res adjudicata and dismissed the widow's petition for an allowance. Petitioner duly perfected her appeal to the district court of Pawnee county on both questions of law and questions of fact. In that court respondents filed an answer which raised the same question of jurisdiction and former adjudication as had been raised by the motion in the county court. Therefore, the only question to be considered here is whether the trial court erred as a matter of law in denying respondent's plea of res adjudicata, and in granting an allowance to the widow and fixing the amount.

Essential elements to constitute a good plea of res adjudicata, and which must be pleaded and proved, are four, and are thus defined in Ratcliff-Sanders Grocer Co. v. Bluejacket Merc. Co., 63 Okla. 298, 164 Pac. 1142:

"1. Identity in the thing sued for (or subject-matter of the suit) ; 2. Identity of the cause of action; 3. Identity of persons or parties to the action ; 4. Identity of the quality in the persons for or against whom the claim is made."

In cause No. 4547 the amended petition upon which the case was tried set up four causes of action. It was an original action in the district court, and not a probate proceeding on appeal. The first cause of action was to establish and have the court declare a trust in the estate of James Widener, deceased, in favor of plaintiffs to the extent of the value of certain property alleged to have been owned by the mother of plaintiffs, who was James Widener's first wife. It was alleged that he received and retained this property after her death and refused to account to plaintiffs for their interest therein.

The second cause of action was to establish an executed oral contract alleged to have been entered into in 1903 or 1904 between plaintiffs and their father, James Widener, and to have the court decree specific performance thereof. It was alleged that by this contract Widener agreed, for a consideration fully performed, to make a will devising and bequeathing to plaintiffs all of his property, both real and personal, then owned by him or which he might thereafter acquire. It asked for an accounting by the widow, his second wife, of all property owned and received by him from any source during the existence of his second marriage. It sought to impress a trust on all property of the widow and of her married son, Clarence Barnes, and sought to enjoin them and the administrator from conveying or disbursing any property or funds, which were all alleged to belong to the estate of James Widener, deceased.

The third cause of action alleged an antenuptial contract between James Widener and Minnie B. Green, who became his second wife and widow. It was charged that this contract was entered into fraudulently by Minnie B. Green in violation of the rights of plaintiffs under their oral contract with James Widener. It asked that this antenuptial contract be canceled and declared void, and that the widow be required to account to plaintiffs for all property and money received from James Widener under the terms thereof.

The fourth cause of action was based on the same antenuptial contract which was asked to be declared void in the third cause of action, but in the fourth cause of action the terms of the contract were sought to be upheld and the court for that reason was asked to deny the widow's right to repudiate this contract and to elect to take her share of the estate as widow under the laws of descent and distribution of this state. It was also asked that the widow be enjoined from prosecuting her claim to an interest in the estate as such widow.

Defendants' answer in that case traversed the allegations in each of the four causes of action.

It is readily apparent that no issue was raised in that case as to the right of the widow to an allowance during the process of administration. Nor could such an issue have been presented in an original action in the district court, because the allowance to the widow is a matter of probate procedure, of which the county court has exclusive original jurisdiction. Const., art. 7, secs. 12, 13, 16; Scott v. McGirth, 41 Okla. 520, 139 Pac. 519; Vinson v. Cook, 76 Okla. 46, 184 Pac. 97.

On the trial of that case plaintiffs dismissed their second cause of action. The trial court made findings of fact in that case, in substance, that the oral contract between plaintiffs and James Widener in 1903 was upon sufficient consideration, was fully executed by plaintiffs, and was therefore valid and binding, but found further that plaintiffs, in March, 1915, instituted an action against James Widener to establish similar rights under an oral contract made in 1893 (Wheeler et al. v. Widener et al., 75 Okla. 292, 183 Pac. 407), and that in that action they did not assert any rights under the 1903 contract. Upon these facts the

trial court concluded, as a matter of law, as follows:

"The court, therefore, concludes, as a matter of law that the plaintiffs in this action are not entitled to recover upon the contract of 1903 set out in their petition."

The finding of fact as to the antenuptial contract reads:

"That the antenuptial contract executed between the deceased, James Widener, and his present wife, Minnie B. Widener, bars the defendant Minnie B. Widener from inheriting any of the property of the deceased and that the defendant, Minnie B. Widener, has received all that she was to receive under the terms of said contract."

Upon this finding the trial court concluded as a matter of law:

"That the defendant Minnie B. Widener is precluded, under the antenuptial contract introduced in evidence herein, from participating in the estate of James Widener, deceased, and that the plaintiffs herein are the sole heirs of said James Widener, deceased, and as such entitled to all the estate belonging to said James Widener at his death, subject to administration of said estate, which is now pending."

The judgment of the court in that case was in conformity to these findings of fact and conclusions of law.

It is thus clearly apparent that the judgment in cause No. 4547, relied on in the instant case to establish the plea of res adjudicata, possesses only one of the four essentials necessary to establish that plea. There is identity of persons or parties to the action, but nothing more. Hill v. Buckholts, Trustee, et al., 75 Okla. 196, 183 Pac. 42.

It is therefore concluded that the trial court was correct in overruling the plea to the jurisdiction and in denying validity to the plea of res adjudicata.

This leaves for consideration the further question: Did the trial court err as a matter of law in granting the application of petitioner for a widow's allowance, and in fixing the amount and duration thereof?

Administration proceedings having long been pending in the county court, the filing of petitioner's application for a widow's allowance vested that court with jurisdiction to hear and determine the same. In the exercise of that jurisdiction it erroneously determined that she was precluded from claiming an allowance by reason of the judgment of the district court in cause No. 4547. Upon appeal to the district court that court became vested with full probate jurisdiction in the premises, authorized to hear and determine de novo the same issues as were presented to the county court, and

to render such judgment or make such order as the county court should have done. Parker et al. v. Lewis, 45 Okla. 807, 147 Pac. 310; In re Gannon's Estate, 50 Okla. 288, 150 Pac. 1109.

It is shown by the application for allowance that the estate is solvent, and that the appraised value thereof on August 12, 1921, was approximately $68,000; that no provision has been made by the administrator or by order of the county court for her maintenance and support, nor has the exempt property of the estate been turned over to her as authorized by law; it is further shown that petitioner has been compelled to support herself by her individual efforts and out of her separate funds; that each of the heirs has had distributed to him by order of the county court the sum of $3,500 from the assets of the estate. The testimony reasonably sustains these allegations, and after full hearing the trial court made its order allowing petitioner the sum of $125 per month for the first 12 months after the death of James Widener, and $100 per month thereafter until the estate is finally settled. It cannot be said as a matter of law that the trial court abused its discretion in fixing either the amount or the duration of the allowance. Comp. Stat. 1921, sec. 1227.

Another matter complained of, and which will be adverted to briefly, is that the trial court erred to the prejudice of respondents in overruling their motion for a change of judge on the ground of disqualification of the trial judge. It appears from the record that this cause came on regularly for hearing before Judge McNeill November 19, 1923. On that date all parties appeared with their attorneys and both sides announced ready for trial. Thereupon, opening statements were made by both sides and the taking of testimony began. Just prior to adjournment on that day, the court announced, in effect, that it would hold that the county court erred in sustaining the plea to the jurisdiction. On the reconvening of court Tuesday morning, November 20, 1923, counsel for respondent filed and presented the motion for change of judge, which was overruled. Upon the record as made for this court there was no error in this action of the trial court. Comp. Stat. 1921, secs. 2629, 2633; Holloway et al. v. Hall et al., 79 Okla. 163, 192 Pac. 219, and cases there cited.

It is therefore concluded upon the whole case that no reversible error was committed by the trial court, and its judgment should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. pp. 1339, 1365 (secs. 32, 66). (2) 34 C. J. pp. 756, 802, 811 (secs. 1231). (3) 34 C. J. p. 552 (1926 Anno), p. 823.