## STATE ex rel. MOTHERSEAD, Bank Com'r, v. BRUCE et al.

No. 17693.   Opinion Filed Nov. 22, 1927.

(Syllabus.)

### Action—Attachment—Service by Publication Against Nonresident—Requisite Process.

In an action against a nonresident, in which an order of attachment is issued at the time of the filing of the petition, and his real estate is attached, an affidavit for service by publication must be filed, and the first publication made within 60 days from the date of the filing of the petition and other necessary papers. If affidavit for constructive service and the first publication thereof is not made for more than six months after the filing of the petition and the issue, levy, and return of the order of attachment, said attachment is void for the reason that the action had not been commenced.

Error from District Court, Tillman County; Frank Mathews, Judge.

The State of Oklahoma, on relation of O. B. Mothersead, Bank Commissioner, obtained judgment against George M. Bruce, and after sale on execution of lands alleged to belong to the defendant, the First National Bank of Chattanooga intervened and the court sustained its objections to the confirmation of said sale, from which the plaintiff appeals. Affirmed.

Amil H. Japp, for plaintiff in error.

Wilson & Roe, for defendants in error.

MASON, V. C. J.: On February 26, 1923, the state of Oklahoma, on relation of Joe H. Strain, Bank Commissioner, as plaintiff, commenced this action against George M. Bruce. And on the same day filed an attachment affidavit, and an order of attachment was duly issued and levied on certain lands as the property of the defendant, George M. Bruce. A summons was also issued on the same day, but was never served. Thereafter, by order of the court, O. B. Mothersead, Bank Commissioner, was substituted for Joe H. Strain.

On March 1, 1923, the defendant in error herein, First National Bank of Chattanooga, commenced a separate action against said George M. Bruce and caused an order of attachment to be issued and levied upon

the same lands and on said date filed its affidavit to obtain service by publication, which was duly had and approved, and on May 30 1923, judgment was rendered sustaining said attachment.

Thereafter, on September 25, 1923, the state, on relation of the Bank Commissioner, filed an affidavit to obtain service by publication and published summons, and on the 15th day of November, 1923, judgment was entered sustaining its attachment.

The bank caused an order of sale to issue directing the sale of said property to satisfy its judgment and it was sold on June 18, 1924, and deed was duly issued to said bank as the purchaser. On the same day, June 18, 1924, the plaintiff Bank Commissioner filed publisher's affidavit of publication of summons, and on May 25, 1925, had an order of sale issued and said lands were sold on July 1, 1925, and bought in by the plaintiff.

The bank then filed its objections to the confirmation of said sale to the Bank Commissioner who filed a motion to confirm said sale. Both these matters came on for hearing before the court, at which time evidence was taken and judgment was rendered sustaining the bank's objections to confirmation of said sale and overruling the Bank Commissioner's motion to confirm the sale, from which the Bank Commissioner appeals.

For reversal, plaintiff assigns several alleged errors, the substance of which is that, inasmuch as its order of attachment was first issued and levied, its lien was prior and superior to that of the bank and that the trial court erred in not confirming its sale.

The defendant bank contends that there was no case pending at the time plaintiff's attachment was issued and levied and that it is absolutely void by reason thereof, and that the action of the trial court is correct.

It will be seen from the above statement of facts that plaintiff's petition was filed on the 26th day of February, 1923; that an order of attachment was issued on the same day, but that no summons was served at any time and no affidavit for publication was filed until the 25th day of September, 1923, or approximately seven months after the petition was filed and the order of attachment was issued, which was long after the bank's order of attachment had been levied.

Was a suit commenced at the time of the issuance and service of the plaintiff's order of attachment? This is the first and most important question to be decided. If it is answered in the negative, it disposes of the case and no further inquiry is necessary.

Section 231, C. O. S. 1921, provides that an action may be commenced by filing a petition and causing a summons to be issued thereon.

Section 340, C. O. S. 1921, provides that the plaintiff in a civil action for the recovery of money may, at or after the commencement thereof, have an attachment against the property of the defendant upon the grounds thereinafter stated.

Section 187, C. O. S. 1921, provides that an action shall be deemed commenced at the date of the summons which is served upon the defendant, and, where the service by publication is proper, the action shall be deemed to have been commenced at the time of the first publication; and said section further provides that an attempt to commence an action shall be deemed equivalent to the commencement thereof when the party faithfully, properly, and diligently endeavors to procure service, but such attempt must be followed by the first publication of service of the summons within 60 days. This section, and the others cited herein, were taken from the Kansas Code.

In Raymond v. Nix, 5 Okla. 656, 49 Pac. 1110, this court, in considering when an action is commenced, held:

"An action is commenced when plaintiff files his petition and causes a summons to issue thereon, or when, in an attachment proceeding, he files an affidavit for publication which is thereafter made good by pursuing the requirements of the statute, or where the regularity of the subsequent proceedings are waived by the entry of the defendant's appearance within 60 days."

In the body of the opinion, it is said:

"In Bannister v. Carroll (Kan.) 22 Pac. 1012, where the Supreme Court of Kansas reversed the trial court for dissolving an attachment because no summons was issued in the action before the order of attachment was issued, a similar contention to that made by plaintiff in error here was urged, and it was held that a suit is commenced when the petition, bond for costs, and affidavit for publication are filed, and that 'the proper construction to be given to section 57 of the Code is that, when a petition is filed and a summons served, or the first publication is made within 60 days, such service or first publication relates back to the time of the filing of the petition and praecipe and other necessary papers, and by such relation the suit is to be deemed

to have been commenced at the date of their filing'."

In Jones v. Warnick, 30 Pac. 115, the Supreme Court of Kansas held that where, in an attachment proceeding, the service was obtained by publication, if the first publication was not made within 60 days from the date of the filing of the petition and other necessary papers, an order of attachment cannot be issued and served for the reason that no action had been commenced.

In the case of Ballew v. Young, 24 Okla. 182, 103 Pac. 623, this court had before it a question very similar to the one under consideration. In that case, an affidavit for service by publication was filed and the first publication was made within 60 days from the date of the filing of the petition, but the affidavit for service by publication and the publication notice were so defective as to be absolutely void, and the court held that a motion to dissolve and discharge the attachment and dismiss the action was properly sustained by the trial court for the reason that the action had not been commenced.

We must conclude from a consideration of the various sections of the statutes, as construed by said cases, that a suit cannot be said to have been commenced unless the service of summons is made or the first publication of notice is made within 60 days from the date of the filing of the petition and other necessary papers. This being so, no action had been commenced at the time of the issue, levy, and return of the plaintiff's order of attachment that seized the real estate in controversy in this action.

Therefore, the action of the trial court in denying plaintiff's motion to confirm said sale was proper, and the judgment is affirmed.

. BRANSON, C. J., and HARRISON, PHELPS, LESTER, CLARK, RILEY, and HEFNER, JJ., concur.

Note—See 6 C. J. pp. 178, 179, §324.