## MARTIN v. REYNOLDS.

No. 18340. Opinion Filed June 19, 1928.

Rehearing Denied Sept. 18, 1928.

(Syllabus.)

1. **Courts—Jurisdiction of City Court of Unlawful Detainer Action—Statute Construed.**

The provision in section 4692, C. O. S. 1921, defining the jurisdiction of city courts established by section 4691, conferring "jurisdiction of all civil and criminal cases and matters which would be within the jurisdiction of a justice of the peace," is sufficient to confer jurisdiction of cases for the detention only, as well as for forcible entry and detention of real property.

2. **Appearance—Waiver of Defects in Process in Unlawful Detainer Action.**

Though summons may be issued upon a complaint in unlawful detainer which complaint is defectively verified, if the defendant appears and demurs to the complaint on both nonjurisdictional and jurisdictional grounds, the appearance is general, and irregularities in issuing the summons are waived.

3. **Pleading—Sufficiency of Complaint in Unlawful Detainer—Description of Premises.**

Where the complaint in an action for the detention of real property, together with the notice to quit, required by law to be served before commencing the action, correctly describes the premises alleged to be detained, and a copy of such notice is attached to the complaint as an exhibit thereto, and is made a part thereof, the complaint is sufficient to withstand a demurrer on the ground that the complaint does not particularly describe the premises.

Commissioners' Opinion, Division No. 2.

Error from District Court, Muskogee County; Enloe V. Vernor, Judge.

Action by G. W. Reynolds against Henry Martin. Judgment for plaintiff, and defendant brings error. Affirmed.

T. H. Davidson, for plaintiff in error.

S. E. Gidney, for defendant in error.

DIFFENDAFFER, C. This is an action in unlawful detainer, brought by defendant in error, hereinafter designated as plaintiff, against plaintiff in error, hereinafter designated as defendant, in the city court of Muskogee. The cause was tried in that court and judgment rendered for plaintiff. Defendant appealed to the district court, where judgment was again rendered for plaintiff. Defendant appealed to this court where the judgment first rendered in the district court was reversed and remanded for new trial for failure of defendant in error to file brief. Martin v. Reynolds, 114 Okla. 151, 245 Pac. 1114. Upon retrial, the cause was tried to the court, without a jury, and judgment again rendered for plaintiff, from which judgment this appeal is prosecuted.

The petition in error sets out 15 assignments of error, but only three propositions are presented in the brief. The first is that the trial court was without jurisdiction for the reason that the city court from which the case was appealed had no jurisdiction; the point raised being that no jurisdiction in unlawful detainer was conferred by the act creating the court (article 15, chap. 29, C. O. S. 1921). Section 4692, C. O. S. 1921, is relied upon. The applicable portion of that section reads as follows:

"The court hereby established shall have original jurisdiction in all civil cases of which the county court of such county would have jurisdiction where the amount involved does not exceed $500, exclusive of interest and cost, and original jurisdiction of all misdemeanor cases, * * * and jurisdiction of all civil and criminal cases and matters

which would be within the jurisdiction of a justice of the peace of such county, and also jurisdiction in the actions of forcible entry and detainer."

It is contended that because that section does not state that said court shall have jurisdiction for the "unlawful detainer" of real property, the act is not broad enough to include jurisdiction in unlawful detainer cases, and only confers jurisdiction in the city court in cases of "forcible entry and detainer."

We think this contention is without merit. It will be observed that the act confers jurisdiction in all cases and matters, civil and criminal, which would be within the jurisdiction of a justice of the peace in that county. Certainly the matter involved here is "civil or criminal." There is no contention but that it is a matter which would be within the jurisdiction of a justice of the peace.

We think it was the intention of the Legislature that the city court so created should have jurisdiction in all matters, civil and criminal, coming within the jurisdiction of a justice of the peace, and that the clause, "and also jurisdiction in the actions of forcible entry and detainer," is mere surplusage. The intention appears clear in view of the provision of section 4694, C. O. S. 1921, which was section 4 of the act creating the city court, wherein it is provided:

"After this act shall take effect justices of the peace in any city where a court is hereby established, or in any township adjoining such city, shall thereafter have no jurisdiction in any case, civil or criminal, except in civil actions where the amount involved exclusive of interest and costs does not exceed $1, and except to solemnize marriages."

To place the construction on the act contended for by defendant would leave the city of Muskogee, and every township adjoining the same, without a court having jurisdiction in actions in unlawful detainer. In Stiles v. City of Guthrie, 3 Okla. 26, 41 Pac. 383, it was held:

"The intention of the Legislature governs the construction of a statute, and if that requires a change in the punctuation, or even in the wording, of the statute, such change must be made."

The next proposition urged is that a demurrer should have been sustained to the complaint, for the reason that there is a misjoinder of causes of action in that the complaint alleges that plaintiff is the owner of the premises and entitled to the immediate possession thereof and damages for the unlawful detention thereof. There is no merit

in this contention, since the trial court required plaintiff to elect which cause of action he would rely upon, and he elected to try the case upon the right of possession alone, and the other question was eliminated, and the error, if any, in overruling the demurrer was thereby cured. Such misjoinder would not have been fatal had the case proceeded to trial on both causes. This court could affirm the judgment as to possession and reverse as to damages. Nichols v. Rennie, 117 Okla. 155, 245 Pac. 593.

It is also urged that the complaint was insufficient in that it was not properly verified, the point being that the verification was before Bernice La Grone, a notary public, who was also clerk of the city court. It is contended that by accepting the office of clerk of the court, she abandoned the office of notary public. Section 1052, C. O. S. 1921, provides that no summons shall issue until the complaint in writing under oath is filed.

Defendant appeared and demurred on nonjurisdictional as well as jurisdictional grounds, and we think the irregularity was thereby waived. Nichols & Shepard Co. v. Baker, 13 Okla. 1, 73 Pac. 302; Rogers v. McCord Collins Merc. Co., 19 Okla. 115, 91 Pac. 864; Lookabaugh v. Epperson, 28 Okla. 472, 114 Pac. 738.

In Haynes v. City National Bank of Lawton, 30 Okla. 614, 121 Pac. 182, it was held:

"Whether an appearance is general or special does not depend upon the form of the pleading, but upon its substance. If a defendant invokes the judgment of the court upon any question, except that of the power of the court to hear and decide the cause, his appearance is general."

The appearance of defendant being general, the irregularity, if any, in issuing the summons without proper verification of the complaint was waived.

The next point is that the complaint is fatally defective in that it failed to describe the real estate involved. The description is the S. W. ¼ of the S. E. ¼ of sec. 20, twp. 15 north, R. 16 E., of the Indian Meridian, in Muskogee county, Okla. The complaint alleges that defendant is in the unlawful possession of a house upon said land and a portion of said land; that the defendant forcibly detains said house and said land from this plaintiff. We think this is a sufficient description, especially when taken in connection with the three-day notice to vacate served upon defendant, a copy of which was attached to the complaint as an exhibit and made a part thereof, which notice correctly described the land. The de-

scription in the complaint is very similar to that in Greenameyer v. Coate, 12 Okla. 452, 72 Pac. 377, which was held sufficient, and when aided by the notice is a correct description.

Complaint is also made of the admission of certain evidence tending to show that plaintiff had rented the premises to defendant in 1923, for that year, it being contended that this is not within the issues. We think the objection without merit. We have examined the entire record, and it appears therefrom that plaintiff purchased the premises in the spring of 1923; that defendant was on the place at that time; that plaintiff rented the premises to him by oral agreement, for grain rent, until the crops were gathered in the fall; that at the end of that year defendant refused to vacate the premises though duly notified so to do; that since the 1st of January, 1924, down to and including the date of the trial and to the time supersedeas bond was given, defendant had continued in possession of the premises without semblance of right. He made no defense at the trial, relying purely upon legal technicalities to hold possession of the premises. No other proper judgment could have been rendered than was rendered by the trial court, and the same should be affirmed.

BENNETT, HERR, JEFFREY, and LEACH, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (2) 4 C. J. p. 1337, §29; p. 1356, §44. (3) 26 C. J. p. 848, §106.