## JAMESON v. HARVEL et al.

No. 18436.    Opinion Filed Oct. 1, 1929.

O. T. Shinn, for plaintiff in error.

G. A. Chappel, for defendants in error.

ANDREWS, J.  Plaintiff in error, hereinafter referred to as plaintiff commenced this action in the district court of Oklahoma county against the defendants in error, hereinafter referred to as defendants, by filing his petition and causing the summons to issue to Oklahoma county for the defendant Mary E. Jameson and to Kay county for the defendant Albert L. Harvel.  Personal service was had upon each of the defendants.

The petition contained three causes of action separately stated and numbered, the first of which was against both of the defendants, and the second and third of which were against the defendant Albert L. Harvel. The first cause of action was for divorce, and alleged that Albert L. Harvel had been guilty of improper practices with Mary E. Jameson, the details of which are unnecessary to state.  The second and third causes of action were for alienation of affection.

It appears that divorce has been granted plaintiff from the defendant Mary E. Jameson, and that issue is not before this court.

The defendant Albert L. Harvel filed an instrument denominated, "Special Appearance and Denial of Jurisdiction and Motion to Strike out and Dismiss plaintiff's Second and Third Causes of Action," which reads as follows:

"Comes now the defendant Albert L. Harvel, appearing specially and solely for the purpose of pleading to the jurisdiction of the court in the action brought by the plaintiff, Charles W. Jameson, as against the defendant Albert L. Harvel, and denies that this court has any jurisdiction of the person of the said defendant, Albert L. Harvel, and to move the court to strike and dismiss the plaintiff's second and third causes of action for the following reasons, to wit:

"1.  That the defendant Albert L. Harvel

is a nonresident of Oklahoma county, state of Oklahoma.

"2. That the summons in this cause was served on Albert L. Harvel, in Kay county, state of Oklahoma, by the sheriff of Kay county, state of Oklahoma, in person on the 8th day of February, 1927.

"3. That this court has no jurisdiction of the subject-matter of this action against this defendant, Albert L. Harvel.

"4. That this alleged action against the defendant Albert L. Harvel is not one of the actions enumerated by the statutes of the state of Oklahoma in which summons may be properly issued to and served in another county.

"5. That this court is entirely without power or authority to issue summons in this kind of an action against the defendant Albert L. Harvel to another county than that in which the action was commenced.

"6. That the issuing and serving of summons as was done in this case against the defendant Albert L. Harvel does not give this court jurisdiction of the person of this defendant Albert L. Harvel.

"7. That there is a misjoinder of actions in this case made for the sole purpose of giving this court jurisdiction of the defendant Albert L. Harvel: That the defendant Albert L. Harvel is in no wise interested in the alleged cause of action as between the plaintiff and defendant Mary E. Jameson, which is an action for divorce, and the defendant Mary E. Jameson is in no wise interested in the pretended second and third causes of action nor the results thereof, as against the defendant Albert L. Harvel. which is an action for damages alienating wife's affections: That the defendant Albert L. Harvel is not now, was not, at the time this suit was filed, and never has been a resident of Oklahoma county, Okla. That at the time summons in this cause was served upon him, A. L. Harvel, by the sheriff of Kay county, Okla., in that county, he was and has been for years continuously preceding, a resident of the county of Kay, Okla., and that the second and third actions as against this defendant L. Harvel are transitory, and must be brought in the county where the defendant Albert L. Harvel resides, or may be summoned, as under the statutes of Oklahoma provide: That the misjoinder of actions was made for the purpose and only purpose of taking undue advantage of the defendant Albert L. Harvel, and is an imposition upon the court and a fraud upon justice.

"Wherefore, the defendant Albert L. Harvel asks that this action be dismissed in so far as it has sought to charge him, and for his costs."

This instrument, though denominated a special appearance, is in fact a general appearance.

"Whether an appearance is general or special does not depend upon the form of the pleading, but upon its substance. If a defendant invokes the judgment of the court upon any question, except that of the power of the court to hear and decide the cause, his appearance is general." Haynes, Adm'x, v. City Nat. Bank of Lawton et al., 30 Okla. 614, 121 Pac. 182.

See, also, Edmondston v. Porter, 65 Okla. 18, 162 Pac. 692, and Webster v. Crump. 117 Okla. 244, 246 Pac. 423.

This pleading invoked the judgment of the court. It required the court to determine whether or not it had jurisdiction of the subject-matter of the action. It required the court to determine whether or not there was a misjoinder of causes of action. Those matters could be determined by the court only after an examination of the record.

The issue in this case is determined by the rule stated in Webster v. Crump, supra, wherein it was said:

"It is the settled rule in this state that where a defendant denies the jurisdiction of the court over his person, he may, by special appearance, first present that single question; but where he joins with the jurisdictional question other questions involving the merits of the action, and asks for affirmative relief, he thereby waives all defects in the summons and the service of the summons, and enters a general appearance. Welch v. Ladd, 29 Okla. 93, 116 Pac. 573; Nichols & Shephard Co. v. Baker, 13 Okla. 1, 73 Pac. 302; Rogers v. McCord-Collins Mer. Co., 19 Okla. 115, 91 Pac. 864; Lookabaugh v. Epperson, 28 Okla. 472, 114 Pac. 738; City Nat. Bank v. Sparks, 50 Okla. 648, 151 Pac. 225; C., R. I. & P. Ry. Co. v. Austin, 63 Okla. 169, 163 Pac. 517. Whether an appearance is general or special does not depend upon the form of a pleading, but upon its substance. Haynes v. City National Bank, 30 Okla. 614, 121 Pac. 182.

"The defendant, by pleading that the facts stated in the petition did not constitute a cause of action within the jurisdiction of the court, and that no issue could be joined upon the facts attempted to be alleged in the petition, and that the court was wholly without jurisdiction of the subject-matter, and praying that the cause be dismissed for want of jurisdiction, entered a general appearance, thereby waived all defects in the summons and service of the summons. It was error to quash the summons and set aside the service after the defendant had entered a general appearance."

In Bilyeu v. Branson, Adm'r, 86 Okla. 212, 206 Pac. 898, there was a motion to dismiss the second cause of action upon the ground

that the action was improperly joined with an action with reference to real estate and was so joined in order to bring the defendant into a court which had no jurisdiction over him and for the purpose of trying a matter in the court which rightfully had no jurisdiction over the person of the defendant. This court said:

"Where a motion is made in which questions are raised which go to the jurisidiction of the court over the parties, and in which questions are also raised which cannot be raised by special appearance, but can only be heard upon a general appearance, the parties will be taken and held to have entered a general appearance, and in such case defects in the service of summons will be deemed and held to have been waived, even though such appearance be made after judgment and upon a motion to vacate and set aside such judgment."

The trial court rendered its judgment as follows:

"It is therefore ordered, adjudged, and decreed by the court that the plaintiff's causes of action against the defendant Albert L. Harvel be dismissed at the plaintiff's cost and it is so ordered. To all of which ruling and order of the court, the plaintiff excepts and exception is allowed. And the plaintiff served notice in open court of his intention to appeal to the Supreme Court and moved the court to grant an extension of time in which to make and serve case-made, and the court ordered that an extension of time to June 6, 1927, be allowed for the plaintiff to make and serve case-made, and defendant allowed three days thereafter to suggest amendments, and that the same be settled upon three days' notice in writing by either party"

—and from that order the plaintiff appealed to this court.

The plaintiff contends, among other things:

"Third. The court erred in rendering its judgment dismissing plaintiff's causes of action against defendant Harvel and in not permitting the plaintiff to sign a separate petition against the defendant Harvel, as provided by section 271, Statutes of 1921, after sustaining defendant's motion (paragraph 7, demurrer) to plaintiff's second and third causes of action."

We must agree with this contention.

The defendant Harvel was not a proper party to the first cause of action, which was for divorce. 7 Enc. Pl. and Pr. 59; 2 Schouler, Law of Marriage and Divorce (6th Ed.) 1758; 19 C. J. 99; 9 R. C. L. 408; Clay v. Clay, 21 Hun (N. Y.) 609; and Howell v. Herriff, 87 Kan. 389.

But the defendant Harvel was a proper party and the only party defendant in the second and third causes of action.

The district court of Oklahoma county had jurisdiction of the second and third causes of action under section 10, art. 7, of the Constitution, and under section 207, C. O. S. 1921, provided service could be obtained in Oklahoma county on the defendant Harvel, or provided the defendant Harvel, should enter his appearance therein. A general appearance has, since the time of Nichols & Shephard Co. v. Baker, 13 Okla. 1, 73 Pac. 302, vested the trial court with jurisdiction notwithstanding the nonresidence of the defendant.

The defendant Harvel could have presented his objection to the jurisdiction of the court over his person, and the same would undoubtedly have been sustained. In that event, the court would have been without jurisdiction to proceed further in the matter. But when he went further than that and questioned the jurisdiction of the court over the subject-matter of the action and raised nonjurisdictional as well as jurisdictional questions, he invoked the jurisdiction of the court and thereby entered a general appearance. Having done so, he cannot question the jurisdiction of the court as to the second and third causes of action.

The trial court erred in sustaining the motion of the defendant Harvel and dismissing the second and third causes of action.

It is contended that the second and third causes of action were improperly joined with the first in that they did not affect the defendant Mary E. Jameson. We agree with that contention.

The defendants in error cite a number of cases following the rule adopted by this court as to the misjoinder of causes of action and contend that the second and third causes of action could not be joined with the first. We agree with these cases and the rule of law announced therein, but none of these cases consider the provision of our statute for separate docketing of causes of action improperly joined. Under the terms of that statute, section 271, C. O. S. 1921, the court, on a demurrer to the petition of the plaintiff on that ground, should have allowed plaintiff, with or without cost, in its discretion, to file the second and third causes of action as separate petitions, should have docketed the same separately from the first cause of action, and should have proceeded without further service. Goldsborough v. Hewitt, 23 Okla. 66, 99 Pac. 907. However, there was no demurrer filed. The cause was dismissed on motion. This was

error, for which this cause must be reversed.

The cause is reversed, with directions to set aside the order dismissing the cause, overrule the motion of defendant Harvel, and proceed with the cause in accordance with the views herein expressed.

MASON, C. J., LESTER V. C. J., and HUNT, CLARK, RILEY, HEFNER, CULLISON, and SWINDALL, JJ., concur.

Note.—See under (1) anno. L. R. A. 1916E, 1085; 2 R. C. L. p. 327; R. C. L. Perm. Supp. p. 438. See "Appearances," 4 C. J. § 3, p. 1316, n. 22, § 4, p. 1317, n. 32; § 28, p. 1335, n. 49.