## BEAM et al. v. BERRYMAN.

No. 19765. Opinion Filed Nov. 25, 1930.

Leedy & Leedy, for plaintiffs in error.

Madden, Adkins & Pipkin and O. L. Aley, for defendant in error.

DIFFENDAFFER, C. Plaintiffs in error, hereinafter referred to as plaintiffs, filed their petition against defendant in error, hereinafter referred to as defendant, on the 14th day of October, 1927, in which they alleged that defendant was then and had been for many years a nonresident of the state of Oklahoma, and resided in Clark county, Kan.

The petition declared on nine alleged causes of action. The first eight were for rents or for value of the use and occupancy of certain lands in Ellis county, Okla., alleged to have been owned by plaintiff Miller, and used and occupied by defendant for a number of years, without his having paid any rental. It was alleged that each of these alleged claims had been assigned by plaintiff Miller to plaintiff Beam, and Beam alone prayed for judgment.

The ninth cause of action was for damages to the land, or parts thereof, for destruction of trees, fences, etc., and plaintiff Miller alone prayed for judgment upon this cause of action. At the same time, plaintiffs attempted to procure attachment on defendant's property and obtain service of nonresident summons by the sheriff of Clark county, Kan. The purported affidavit was filed as a basis for the attachment, though apparently prepared with the view of having the verification before the court clerk or his deputy. This was not done, and it appears in the record as being unverified. The same is true of the affidavit filed as a basis for the nonresident summons. A nonresident summons was issued and served upon defendant by the sheriff of Clark county, Kan. An order of attachment was issued and returned by the sheriff of Ellis county, not served for want of personal property, with a notation thereon that it was so returned at the request of plaintiffs. Several orders of attachment were subsequently issued without further affidavit having been filed. Also several other nonresident summonses were issued and served by the sheriff of Clark county, Kan., without further affidavit. These summonses and orders were attacked by defendant by filing "suggestions" of lack of jurisdiction, calling the attention of the court to various alleged defects in the proceedings other than the failure to verify the affidavits for attachment and nonresident summons. In each of them, one filed December 22, 1927, and the other February 21, 1928, defendant recited that he was appearing specially for the purpose of the suggestions and for no other purpose. In the first, he also stated:

"Plaintiffs' petition reflects and discloses such an improper joinder of causes of action and parties plaintiff, and such a misjoinder of each and both, as to defeat plaintiffs in their attempt to prosecute said suit, and, as reflected by the pleadings, that court has no jurisdiction to adjudicate and determine the matters raised by the pleadings in the form so presented."

In the second, he stated substantially the same as follows:

"Plaintiffs' petition reflects and discloses such an improper joinder of causes of action and parties plaintiff and such a misjoinder of each and both as to defeat plaintiffs in their attempt to prosecute said suit. Such misjoinder is reflected by the petition on file herein, and, due to such disregard of the principles governing the joinder of parties and causes of action, plaintiffs should not

prevail in an attempted seizure of defendant's property, and in such a way force his appearance in this court for all purposes before he is in a position to attack such pleadings.

"Wherefore, defendant suggests to the court the lack of jurisdiction on its part to proceed further in this cause."

On March 27, 1928, plaintiff filed a motion to strike said "suggestions" from the files, on the grounds that they were neither demurrers, motion or other pleadings recognized by law, and, also, that they were filed for delay and not in good faith. This motion was sustained on April 3, 1928, by the court, without stating upon which ground the order was made, or whether on both. On the same day defendant filed a special appearance and motion to quash and set aside the summons and service thereof, for the reason that the same was not issued, served, nor returned, as provided by law. On April 6th, this motion was sustained, and, at the request of plaintiffs, the cause was continued for the term for service. Thereafter, on April 12th, plaintiffs, without filing a new affidavit therefor, filed a praecipe for alias order of attachment. A new or alias order of attachment was issued and executed by the sheriff of Ellis county by attaching certain lands in that county as the property of defendant. On May 3, 1928, plaintiffs filed an affidavit to obtain service by publication, and summons by publication was issued and published in three consecutive issues of the Ellis County Capital, a weekly paper published in Ellis county. The first publication was made on May 4, 1928. Proof of publication in due form was filed May 29, 1928. On May 5, 1928, plaintiff filed proof of mailing a copy of the petition and publication notice showing same to have been mailed on May 5, 1928. On June 5, 1928, defendant filed special appearance and motion to quash the summons and service upon the grounds that same was not issued, served, and returned as provided by law. On August 1, 1928, defendant filed a motion to quash the attachment proceedings theretofore had and dismissed plaintiffs' action. He recited therein that he was appearing specially for the purpose of the motion, and then recited nearly all the proceedings that had been had up to the issuance and service of the last order of attachment, and then stated:

"Defendant here and now refers to all of the court papers and files in this cause, and makes the same a part of this motion as though fully set out and incorporated herein.

"Defendant says that in contemplation of law this action has never been commenced as the law provides that, in actions where service by publication is proper, the action shall be deemed commenced at the date of the first publication, and that an attempt to commence an action shall be deemed equivalent to the commencement thereof within the meaning of the law when the party faithfully, properly, and diligently endeavors to procure a service; but such attempt must be followed by the first publication or service of the summons within 60 days. That this case is a proper case for service by publication, but that no publication service was attempted to be had therein until the 24th day of May, 1928, and the facts as reflected by the court papers disclose that plaintiff has not faithfully, properly, and diligently endeavored to secure publication service.

"That, as reflected by the files, plaintiffs, by their conduct, did at diver dates subsequent to that of the institution of the suit, and after the expiration of 60 days from the institution thereof, abandon the attachment proceedings attempted to be had at the time of the institution of the suit, and that no valid service had been had upon this defendant in the meantime, and that by reason of all of the matters and things herein alleged, as well as additional matters, reflected by the court files, said suit was not in contemplation of law pending at subsequent dates when plaintiff instituted the attachment proceedings, and was not pending on the 3rd day of May, 1928, at the time they caused their publication notice to be issued, and accordingly, and for the reasons reflected and set out herein, this motion to dissolve the attachment and dismiss this cause should be in all things sustained, and this defendant prays judgment of the court sustaining said motion quashing said attachment proceeding and dismissing said case."

On August 1st, this motion was sustained and the action was dismissed by the court. From these orders, plaintiffs appeal.

The errors assigned are: (1) In quashing the attachment; (2) in quashing the summons and publication notice, and (3) in dismissing the action.

Defendant, by referring to all the court papers and files in the case, and making them a part of his motion, raised the sufficiency or want of affidavit upon which to base the order of attachment. We have pointed out that there was no verification of the so-called affidavit for attachment. It was never sworn to before any officer authorized to administer the oath. Therefore, there was no affidavit for attachment. By section 341, C. O. S. 1921, the affidavit is made a prerequisite to the issuance of an order of attachment. There was, therefore, no error in sustaining the motion to quash the attachment. Waldock v. Adkins, 60

Okla. 38, 158 Pac. 587. There was no order quashing the summons and service thereof by publication. But the order dismissing the action necessarily included such an order. This question then is included in the assignment of error in dismissing plaintiffs' action.

We think there was error in dismissing the action. In Raymond v. Nix Halsell & Co., 5 Okla. 656, 49 Pac. 1110, cited by defendant, in the first paragraph, it was held:

"Where a defendant appears in court and moves to dissolve the attachment on the merits of the proceedings, such as the insufficiency of the attachment affidavit, he enters a general appearance in the case, and thereby waives all objections to the service on him in said case, and to the jurisdiction of the court over the person of the defendant."

And in the second paragraph, it was held:

"An action is commenced when plaintiff files his petition and causes a summons to issue thereon, or when, in an attachment proceeding, he files an affidavit for publication, which is thereafter made good by pursuing the requirements of the statute, or where the regularity of the subsequent proceedings is waived by the entry of the defendant's appearance within 60 days."

The rule announced in the above case has been followed, or quoted, with approval in many subsequent cases: In re Byrd, 31 Okla. 549, 122 Pac. 516; City Nat. Bank v. Sparks, 50 Okla. 655, 151 Pac. 225; Zahn v. Obert, 60 Okla. 118, 159 Pac. 298; Chaplin v. First Bank, 72 Okla. 297, 181 Pac. 497; State ex rel. v. Bruce, 128 Okla. 86, 261 Pac. 361.

Plaintiff contends that by his suggestions filed December 22, 1927, and February 21, 1928, and his motion filed August 1, 1928, defendant made a general appearance, such as to confer jurisdiction of his person, and that plaintiffs were entitled to proceed against him, regardless of the attachment proceedings, and, if entitled thereto, obtain a personal judgment against him.

We agree with this contention. There is an unbroken line of decisions by this court, extending from Nichols & Shepherd Co. v. Baker, 13 Okla. 1, 73 Pac. 302, to Jameson v. Harvel, 139 Okla. 39, 280 Pac. 1080, which hold that where a defendant seeks to enter a special appearance in a cause by motion, and sets forth therein both jurisdictional and nonjurisdictional grounds, the filing of such motion amounts to a general appearance, and the fact he denominates it a special appearance avails him nothing.

Many of the cases are cited in Jameson v. Harvel, supra, and others are In re Widener's Estate, 112 Okla. 54, 240 Pac. 608; Martin v. Reynolds, 132 Okla. 234, 270 Pac. 52. He also waives alleged defects in the service where he files a special appearance properly raising the question, and thereafter, before the question raised is passed upon, appears generally by answer, etc. Brewer v. Oil Well Supply Co., 126 Okla. 108, 258 Pac. 866.

A number of the foregoing cases discuss the question as to what constitutes nonjurisdictional grounds. The question here presented is fully discussed by Mr. Justice Andrews in Jameson v. Harvel, supra. In the body of the opinion, he says:

"This pleading invoked the judgment of the court. It required the court to determine whether or not it had jurisdiction of the subject-matter of the action. It required the court to determine whether or not there was a misjoinder of causes of action. Those matters could be determined by the court only after an examination of the record."

The exact question, as well as improper joinder of parties plaintiff, was presented in defendant's "suggestions" filed December 22, 1927, and again in those filed February 21, 1928.

True, the court, on motion of plaintiff, struck these suggestions, but again, and before the final order of dismissal, defendant, by reference thereto, and by making the suggestions theretofore filed and stricken a part of his motion to discharge the attachment and dismiss the action, presented the identical questions. Defendant contends that the action of the court was proper under the authority of State ex rel. Mothersead v. Bruce, 128 Okla. 85, 261 Pac. 361. That case is clearly not applicable here for the reason that in that case there was no appearance by defendant, general or special, and the order of dismissal was at the instance of a third person.

It is insisted, however, that because no proper service was had, nor first publication made within 60 days, there was no cause pending after the expiration of 60 days from the date of the filing of the petition. This, we think, would be true to the extent of invalidating the attachment proceedings, and especially as to a third person claiming some interest in the attached property. This would certainly be true under section 260, C. O. S. 1921, regardless of the provisions of section 187, as construed in State ex rel. v. Bruce, supra, and the cases therein cited. But we have already said that the attachment herein was properly quashed. This,

however, would not affect the right of plaintiffs to proceed in their attempt to secure a personal judgment against defendant. If it be conceded that defendant was relieved from the effect of his general appearance filed December 22, 1927, within the 60 days, and the one filed February 21, 1928, after the expiration of 60 days, defendant himself, by his reference to the suggestions, and all the court papers, and making the same a part of his motion to discharge the attachment and dismiss the action, again presented those identical questions. Certainly this was a general appearance. He was again asking the court to inquire whether or not there was a misjoinder of causes of action, and a defect of parties plaintiff. We do not think it was then too late for defendant to enter his appearance and thus give the court jurisdiction to render a personal judgment against him.

A general appearance may be entered at any time before the dismissal of the action, even after judgment. Clarkson v. Washington, 38 Okla. 4, 131 Pac. 935; Welch v. Ladd, 29 Okla. 93, 116 Pac. 573; Lookabaugh v. Epperson, 28 Okla. 472, 114 Pac. 738.

The judgment and order discharging the attachment should be, and is hereby, affirmed, and the judgment and order dismissing the action should be, and is hereby, reversed, and the cause is remanded, with direction to reinstate the cause, and for further proceedings not inconsistent herewith.

BENNETT, HERR, HALL, EAGLETON, LEACH, TEEHEE, and REID, Commissioners, concur.

By the Court: It is so ordered.