[No. 34640. Department Two. August 21, 1958.]

FRANK COLUCCIO CONSTRUCTION CO., *Plaintiff*, v. KITSAP COUNTY SEWER DISTRICT No. 6, *Defendant*, UNITED PACIFIC INSURANCE COMPANY *et al.*, *Cross-defendants and Relators*, THE SUPERIOR COURT FOR KITSAP COUNTY, *Frank W. Ryan, Judge, Respondent.*[1]

[1] Reported in 329 P. (2d) 189.

*Ferguson & Burdell*, for relators.

*Schultheis & Maddock*, for respondent.

PER CURIAM.—The plaintiff, Frank Coluccio Construction Company, hereinafter referred to as Coluccio, commenced an action in the Kitsap county court against the defendant, Kitsap County Sewer District No. 6, hereinafter referred to as the Sewer District, to recover the balance claimed to be due on a contract for the construction of certain sewer lines and appurtenances at Silverdale, Washington.

The sewer district answered and cross-complained against Coluccio, joining as additional parties defendant the United Pacific Insurance Company, as the surety on Coluccio's performance bond and hereinafter referred to as the surety, together with the members of the partnership of Carey and Kramer, consulting engineers hereinafter referred to as Carey and Kramer.

Defective workmanship by Coluccio was the basis of the Sewer District's cross-complaint, and it was alleged that it had cost the Sewer District $35,000 to repair the sewer lines "to make them conform to the terms of the Construction Agreement"; that defective workmanship had further caused the Sewer District a loss of $6,093.60 in revenue, and damages were sought in those amounts from Coluccio and its surety.

The liability of Carey and Kramer was predicated on the breach of their contract of employment with the Sewer District, executed July 2, 1953, whereby they had been employed as engineers to design and prepare plans for a sewage disposal plant; to design and prepare plans for a system of sewer lines; to provide general supervision of construction; and "day [obviously intended to be day-to-day] inspection of the contractor's work as the work progresses." They were to receive a fee of eight per cent of the total con-

struction cost for the "design work," and two per cent "for the performance of the supervision and inspection."

The sewer district alleges that proper inspection and supervision would have disclosed the defective workmanship; that Carey and Kramer breached their contract to inspect and supervise, and that, in consequence of that breach, the sewer district sustained damage in the amounts of $35,-000 and $6,093.60, the items of damage being the same as those claimed against Coluccio and its surety.

The sewer district further alleges that it is in doubt as to which of the parties—Coluccio and his surety, or Carey and Kramer—"it is entitled to redress against and that the ends of justice require that all" of them "be held in this action to answer the Counter Claim and Complaint of the Kitsap County Sewer District #6."

Carey and Kramer filed a motion for a change of venue of the action against them to the county of their residence, to wit: King county. This motion was denied. From the order denying their motion for a change of venue, Carey and Kramer, as relators, sought and obtained review by a writ of *certiorari.*

If the sewer district were to bring a separate action in Kitsap county against Carey and Kramer on the cause of action set out in the cross-complaint, Carey and Kramer, as residents of King county, would be entitled, as a matter of right, to have a change of venue to King county. Rule of Pleading, Practice, and Procedure 1 (1) (3), 34A Wn. (2d) 68; RCW 4.12.025 and RCW 4.12.027.

It is necessary to find something in the circumstances of this case which deprives them of that right, if the trial court is to be affirmed.

Reliance is placed on Rule of Pleading, Practice, and Procedure 2 (2), 34A Wn. (2d) 69, which reads:

"Where the plaintiff is in doubt as to the person from whom he is entitled to redress, he may join two or more defendants to the intent that the question as to which, if any, of the defendants is liable, and to what extent, may be determined as between the parties."

This must be interpreted with the joinder of ac-

tion statute RCW 4.36.150, and the rule does not purport to abrogate the statute. *Bank of California v. American Fruit Growers* (1940), 4 Wn. (2d) 186, 193, 103 P. (2d) 27; *Capital Nat. Bank v. Johns* (1932), 170 Wash. 250, 254, 16 P. (2d) 452. The purpose of the rule, as we said in the case just cited, is to

" . . . enable parties to be brought in that were in any wise affected by the controversy, to avoid a multiplicity of suits and to determine all subjects of the controversy, in so far as proper, in one action."

This rule relates only to joinder of parties; it cannot authorize a misjoinder of causes of action, or a misjoinder of parties.

We believe that the trial court should be affirmed on the basis of that portion of Rule of Pleading, Practice, and Procedure 1 (1), 34A Wn. (2d), which provides that if there be more than one defendant the action may be brought "where some one of the defendants resides at the time of the commencement of the action."

If the two causes of action can be joined, Carey and Kramer are proper parties defendant on the cross-complaint of the sewer district, and being proper parties they are not entitled to a change of venue, inasmuch as the cross-defendants, Coluccio and its surety, are, for the purposes of venue, residents of Kitsap county where the action is brought.

We must, on the allegations of the cross-complaint, assume that Carey and Kramer are proper parties unless and until it has been determined that there has been a misjoinder of causes of action. On the present status of the record, the trial court's order denying the motion of Carey and Kramer for a change of venue is affirmed.