116 N.J. Super. 39 (1971)
280 A.2d 848
CAROLINA CASUALTY INSURANCE COMPANY, PLAINTIFF,
v.
BELFORD TRUCKING COMPANY, INC., A CORPORATION AND JAMES T. NEIGHBORS AND JAMES G. MITCHELL, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided July 29, 1971.
*42 Mr. Burchard V. Martin for plaintiff (Messrs. Taylor, Bischoff, Williams & Martin, attorneys).
Mr. Alex. P. Schuenemann, 3rd, for defendant Belford Trucking Company, Inc. (Messrs. Schuenemann and Picknally, attorneys).
Mr. Neil F. Deighan, Jr. for defendants James T. Neighbors and James G. Mitchell. (Messrs. Kisselman, Deighan, Montano, King & Summers, attorneys).
WICK, J.S.C.
Plaintiff has brought this declaratory judgment action to determine whether plaintiff or Belford Trucking Company, Inc., as insurers, must defend the owner and driver of a tractor-trailer in a negligence suit now pending in the Law Division. Belford, a foreign corporation, has moved to set aside service of process made under R. 4:4-4(c)(1) and for dismissal of the complaint because venue was improperly laid under R. 4:3-2; the place of business of plaintiff is not stated in the complaint under R. 1:4-1(a), and the court does not have subject matter jurisdiction.
The question of subject matter jurisdiction of this court under the Declaratory Judgment Act in suits to determine the liability of an insurer is hardly open to dispute. Condenser Service v. American Ins. Co., 45 N.J. Super. 31 (App. Div. 1957), certif. den. 24 N.J. 547 (1957); Ohio Casualty Ins. Co. v. Flanagin, 44 N.J. 504 (1965).
R. 1:4-1(a) provides that the first pleading by each party must state the residence of the party pleading. The court understands that plaintiff is a foreign corporation and the correct residence can be supplied in an amended complaint, which plaintiff should file forthwith. The body of the complaint, however, will not be stricken.
R. 4:4-4(c)(1) provides that if personal service cannot be made on a foreign corporation by serving various persons *43 described, substituted service by certified mail, return receipt requested, is permitted. Plaintiff's attorney must show by affidavit that defendant could not be served by the usual methods of service. After the motion was brought by defendant Belford Trucking Company, Inc., that affidavit was filed with the court along with an affidavit of service by certified mail to Belford in Florida. The clear purpose of the rule is to vest our courts with personal jurisdiction over foreign corporations through extraterritorial service, subject only to the due process limitations of the United States Constitution. Those limitations have not yet been fully delineated by the United States Supreme Court "by concrete criteria readily applicable to all cases, whether in terms of the relationships and contacts of the foreign corporation to the forum state, of the connection of the cause of action involved with any of those relationships, or otherwise." Corporate Dev. Specialists Inc. v. Warren-Teed Pharm., Inc., 102 N.J. Super. 143, 148 (App. Div. 1968), certif. den. 52 N.J. 535 (1968).
Belford does not claim that the certified mail service was insufficient. The summons and complaint were received. Belford knew of the pending action and now responds by moving to dismiss the complaint because this court does not have in personam jurisdiction. This is the major issue before the court.
"Traditionally, the acquisition of jurisdiction over a foreign corporation has involved (1) the power to subject it to the jurisdiction of the court, and (2) bringing it before the court by proper notice." Higgins v. Am. Soc. of Clinical Pathologists, 94 N.J. Super. 243, 248 (App. Div. 1967) rev'd 51 N.J. 191 (1968), appeal after remand aff'd, 53 N.J. 547 (1969). N.J.S.A. 2A:16-56 provides: "When declaratory relief is sought, all persons having or claiming any interest which would be affected by the declaration shall be made parties to the proceeding." The Declaratory Judgment Act cannot be construed so as to adjudicate the rights of parties who are not before the court or over whom the *44 court does not have personal jurisdiction. Thus, an indispensable requisite to the exercise of jurisdiction in a declaratory judgment action is the service of process or notice upon all of those whom it is sought to bind by the judgment. Johnston v. Bd. of Adjustment, etc. Westfield, 15 N.J. Misc. 283, 190 A. 782 (Sup. Ct. 1937).
R. 4:3-2(a) requires that venue be laid in the county where the parties are residents or where the cause of action arose, or in the county where the summons was served upon a nonresident defendant. While the Declaratory Judgment Act is silent on the question of venue, it still designates certain necessary parties, but such designation cannot be used to gain jurisdiction where jurisdiction cannot otherwise be gained by the court. R. 4:3-2(b) provides that for purposes of this rule a corporation is a resident in the county where the office of its registered agent is located or in any county where it does business. Belford then argues that since none of the parties to this declaratory judgment action are residents of New Jersey, the State has no jurisdiction over them. Belford misinterprets the rule. The comment to paragraph (b) of that rule states that it includes an alternate place of residence for venue purposes  any county in which a corporate party is actually doing business, whereas, previously venue could only be laid in such a county only if the corporation had no registered office in this State. The rule gives criteria for designating the county within the State where the action should be brought. That rule does not control whether the State has personal jurisdiction over the parties. Under R. 4:4-4(c)(1) that question is a constitutional issue of due process.
It would serve no useful purpose to trace the evolution of the requirements of personal jurisdiction over nonresident corporations from the rigid rule of Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1877), to the more flexible standards of International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 *45 (1957). See Knight v. San Jacinto Club, Inc., 96 N.J. Super. 81 (Law Div. 1967). The court, however, must weigh certain factors as delineated by those cases.
Rejecting the "quantum of activities" test of earlier cases, International and McGee supplied a flexible standard based on minimum contacts and notions of fair play and substantial justice. The court has downgraded the "doing business" criteria to merely one of a number of relevant factors to be considered before permitting extraterritorial jurisdiction. The court must not merely balance the quantum of activities alone but must view the situation and weigh the entirety of the circumstances. Amercoat Corp. v. Reagent Chem. and Research Inc., 108 N.J. Super. 331 (App. Div. 1970).
In McGee the court found it sufficient for purposes of due process that the California suit against a Texas insurance company which had been served in Texas was based upon a single contract of insurance issued in California. McGee then adds an "interest analysis approach" which would render the bringing of the suit in the forum state reasonable. Adopting this approach permits state courts to expand jurisdiction. The trend in defining due process is away from the court having immediate power over a defendant and toward the court in which the parties may conveniently settle the dispute. Additionally, the trend is away from emphasis on territorial limitations and toward emphasis on providing adequate notice and opportunity to be heard. Hoagland v. Springer, 74 N.J. Super. 275 (Law Div. 1962), aff'd 75 N.J. Super. 560 (App. Div. 1962), aff'd 39 N.J. 32 (1962). In fact, the United States Supreme Court seems to be inclined to permit dismissal of an action only where "maintenance of a suit away from the domicile of the defendant * * * might be vexatious or oppressive." Williams v. Green Bay & W.R.R., 326 U.S. 549, 554, 66 S.Ct. 284, 287, 90 L.Ed. 31 (1946).
Restatement, Conflicts of Law 2d, § 49 (1971), says:
*46 (1) A state has power to exercise judicial jurisdiction over a foreign corporation which has done, or has caused to be done, an act in the state with respect to any cause of action in tort arising from the act.
(2) A state has power to exercise judicial jurisdiction over a foreign corporation which has done, or has caused to be done, an act in the state with respect to any cause of action not in tort arising from the act unless the nature of the act and of the corporation's relationship to the state makes the exercise of such jurisdiction unreasonable.
In Roland v. Modell's Shoppers World, 92 N.J. Super. 1 (App. Div. 1966), defendant was not licensed to do business in the State, and had no offices, agents or property in the State. It had never advertised or solicited here except for a short period after the cause of action. The only contact was a shipment of goods into New Jersey where they were purchased. The injury occurred in Connecticut to a Connecticut resident. The court held (at 16) that neither the fact that the injury took place in another state "nor that the plaintiff is a nonresident is sufficient reason for holding that the service upon the defendants is unconstitutional." There the jurisdiction was challenged in a fourth-party complaint for contribution against a foreign corporation. Here, a declaratory judgment action has been brought to determine who should defend in a negligence suit resulting from an accident in New Jersey.
In Amercoat the nonresident corporation sought to quash service because of lack of minimum contacts (having no offices, property, personnel or business in the State and shipping no goods here), in violation of due process and a burden on interstate commerce. The only connection to New Jersey was a bailment or rental of cars to local railroads. But the court found that defendant's rolling stock of railroad cars carried freight in New Jersey. The factors the court considered were:
(1) Economic penetration into New Jersey.
(2) State interests in providing courts for its citizens.

*47 (3) Nature of the transaction giving rise to the suit.
(4) Trial convenience.
The court found in personam jurisdiction in that case.
Roche v. Floral Rental Corp., 95 N.J. Super. 555 (App. Div. 1967), aff'd o.b. 51 N.J. 26 (1968), is relevant and its factual pattern unusual. Plaintiff's decedent died in an accident in New Jersey with a truck. The truck driver's employer had leased the truck from another corporation that had purchased the truck from another corporation that, in turn, had purchased the chassis and refrigeration units from two other corporations. Plaintiff sued all these foreign corporations and attempted service. The court's observations on interstate commerce are relevant: As the probability of a product entering interstate commerce increases so does the fairness of making the manufacturer defend in the plaintiff's forum. Long distance truckers traveling from New York south almost inevitably must cross New Jersey. The manufacturer of the truck which must meet I.C.C. requirements must have realized this, so that where such a truck causes injury in New Jersey, service on the foreign corporation meets due process requirements. Thus, New Jersey is one of the many states which is expanding its jurisdiction over foreign corporations because it takes the "realistic and practical view that such is required by the ever increasing nationalization of commerce and its spread among the states." Hoagland v. Springer, 74 N.J. Super. at 280.
Here plaintiff is asserting that Belford is an interstate carrier which under I.C.C. regulations as a self-insurer must defend a suit where a truck it leased was involved in an accident in New Jersey. Plaintiff cites 49 U.S.C.A. § 315 (1963), under which the I.C.C. requires Belford to have insurance to pay "any final judgment recovered against such motor carrier for bodily injuries * * * resulting from the negligent operation * * * of motor vehicles under such certificate or permit * * *." The court, of course, is not deciding the merits of the declaratory judgment action at this time, but merely notes that the annotated *48 cases to that statute, both state and federal, have held the interstate carrier liable, depending on the facts. Thus, the threat of foreign suits is but one of the costs of interstate carriers doing business in many states.
Although plaintiff might have selected Florida as the forum to determine its dispute with Belford, the court does not consider it fundamentally unfair in choosing New Jersey. Besides, some insurer must defend the negligence suit here anyway. In this declaratory judgment action it is the nature and dominant purpose of the negligence suit to which it is related that should control the court's determination of jurisdiction over the parties and their insurers. It is the policy of the law, particularly in declaratory judgment actions, to bring all the parties together and thus avoid a multiplicity of suits.
One further comment relating to venue, specified in the complaint for declaratory judgment as Camden County. The accident occurred in Gloucester County and the Law Division suit has venue there. Therefore, under R. 4:3-3 the court directs that the plaintiff apply for a separate order transferring this action to Gloucester County, which is also within the vicinage of this court.
Defendant's motion is denied.