TRITON INSURANCE COMPANY, an Oklahoma Insurance Corporation, Appellant,

v.

Omer G. STEPHENSON and Stephenson, Lynch, Finley & Flow, Appellees.

No. 43993.

Supreme Court of Oklahoma.

April 17, 1973.

Rehearing Denied Sept. 18, 1973.

Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, by Ben L. Burdick, Clyde A. Muchmore, Oklahoma City, for appellant.

William G. Smith, Robert J. Petrick, of Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, and Benjamin E. Stockwell, Norman, for appellees.

HODGES, Justice.

This case presents to the Court for the first time the question of whether joinder of out-of county residents without their consent as third-party defendants in an action for declaratory judgment, is authorized by 12 O.S.1971 § 323.

An action for declaratory judgment was filed by Norman Finance & Thrift Company (Norman Finance) against Triton Insurance Company (Triton) in Oklahoma County. Norman Finance alleged that: National Fidelity Insurance Company (National) had insured thrift accounts against the insolvency of Norman Finance for which premiums were timely paid; Norman Finance was solvent at the time of the issuance of the policy; National merged with Triton and as a consequence Triton became liable under the insurance policy. Norman Finance prayed for a declaratory judgment decreeing that the insurance policy was valid and that Triton was liable thereon.

Triton filed an answer and cross petition which denied liability under the policy. The cross petition alleged that Norman Finance and its agents had fraudulently represented that Norman Finance was solvent at the time of the issuance of the insurance policy and the merger, when in fact, it was already insolvent. Triton requested

that the parties be restored to their respective positions which existed prior to the merger.

Triton was granted permission to make Omer G. Stephenson, (Stephenson) individually, and Stephenson, Lynch, Finley & Flow, an accounting co-partnership, (co-partnership) additional parties to the action. A cross-claim action over indemnification was filed against them, which alleged that Stephenson acted as the agent of the co-partnership which furnished the balance sheet relied on by Triton in the issuance of the policy for insurance in question. It further alleged that Stephenson and the co-partnership were grossly negligent in the preparation of the balance sheets because they did not reflect the true financial condition of Norman Finance and that they either knew or should have known that the balance sheets were not true or knew they did not have sufficient knowledge upon which to base the opinion which they rendered. Triton also charged tha\ generally accepted accounting procedures and practices in the preparation and certification of the balance sheets were not followed. Judgment against them for any liability incurred by Triton as the result of the issuance of the policy was prayed.

Stephenson and the co-partnership, filed a Motion to Quash and Plea to the Jurisdiction based on the fact that the principle action had been filed in Oklahoma County and the third-party defendants were residents of Cleveland County. The District Court sustained the motion, but held that the summons served on third-party defendants were properly issued, served, and returned according to and as required by law. The pertinent part of the Order of the court which pertains to venue and jurisdiction follows:

"IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that by reason of said lack of jurisdiction and improper venue said action against Omer G. Stephenson and Stephenson, Lynch, Finley & Flow by Triton Insurance Company, a corporation, be and the same ·

is hereby dismissed. This dismissal is not a dismissal upon the merits or a decision upon the merits of the cross claim filed by Triton Insurance Company, a corporation, against Omer G. Stephenson, and Stephenson, Lynch, Finley & Flow."

Triton appealed from this order by filing its petition in error in this court.

■ It is the policy of the law, particularly in declaratory judgment actions, to bring all interested parties together to avoid a multiplicity of suits whenever possible. Carolina Casualty Ins. Co. v. Belford Trucking Co., 116 N.J.Super. 39, 280 A.2d 848, 853 (1971), Lee v. Board of Regents of State Colleges, 306 F.Supp. 1097, 1100 (D.C.W.D.Wis., 1969). Frank Coluccio Const. Co. v. Kitsap County Sewer Dist., 52 Wash.2d 776, 329 P.2d 189 (1958).

The Oklahoma Act specifically provides that in cases of actual controversy, the district court may determine rights, status or other legal relations whether or not other relief is or could be claimed. This relief may be obtained by virtue of a counter claim or other pleading seeking relief. 12 O.S.1971, §§ 1651, 1652.

■ The cross-claim is ancillary to the initial declaratory judgment proceeding. Venue and jurisdiction may be determined by the primary proceeding and no separate grounds are required for the ancillary action. Goodwin Brothers v. Preferred Risk Mutual Ins. Co., 410 S.W.2d 714, 716 (Ky. 1967). See also Atchison, Topeka & Santa Fe Ry. v. Superior Court, 368 P.2d 475 (Okl.1962). United States v. Acord, 209 F.2d 709 (C.A.10th Cir. 1954).

The court in Haynes v. City Nat'l Bank, 30 Okl. 614, 619, 121 P. 182, 185 (1912), stated that a new party could not question the venue of a claim that was asserted against him. The court said:

"If the trial court, in making parties defendant, were limited to residents of the particular county in which the action was pending, the provision of the statute pertaining to the making of new parties

would be shorn of much of their salutary power."

A proceeding on a third-party plaintiff's claim authorizing the impleading of a third-party defendant, is an ancillary proceeding incidental to the main action and no separate ground of jurisdiction is required. United States v. Acord, 209 F.2d, pp. 711, 712, supra.

The section of the Declaratory Judgment Act pertaining to parties and venue, 12 O. S.1971 § 1653, provides that venue shall be established by existing statutes. It is provided by 12 O.S.1971 § 139, the existing statute and by 12 O.S.1971 § 1653, that if there is more than one defendant, who reside in different counties, the venue shall be in *any* county where *any* of the defendants reside or may be served with summons. It is provided by 12 O.S.1971 § 154, that where an action is rightly brought in any county, a summons shall be issued to any other county against defendant at the plaintiff's request.

Appellees allege that 12 O.S.1971 § 323 does not permit joinder of out of county defendants. They assert that Triton's claim is a strictly separate independent claim; and that the liability of Stephenson and co-partnership was contingent at the time they were joined. 12 O.S.1971 § 323 provides that:

"All claims which arise out of the transaction or occurrence that is the foundation of the plaintiff's claim and which contain common questions of fact, may be joined in one action, and any person who is liable on such a claim may be joined as a party to the action. The court may order a separate trial of any claim or of any issue in the furtherance of a just and prompt determination of the controversy and to avoid delay or prejudice. Nothing herein permits the joinder of liability insurers or creates any right of contribution or indemnity which has not heretofore existed."

This court held in Chicago, Rock Island and Pacific Ry. Co. v. Davila, 489 P.2d 760, 763, 764, Okl.1971 that the obvious purpose of § 323 was to prevent multiplicity of litigation in related claims with a common fact question. It further held that joinder of all claims arising out of the same transaction does not require that all questions of fact be common to both claims or that the theories of recovery be the same.

The court also stated that the phrase in the joinder statute "any person who is liable on such claim" is not restricted to persons who are actionably liable at the time plaintiff's claim is sought to be enforced. The word liable is used to denote one who may be responsible for a possible or actual loss, penalty, evil, expense or burden. Impleader is not limited to those actionably liable at the time the third party claim is sought to be litigated and includes those who may be liable.

It should be emphasized that the only question to be determined by this opinion is that of jurisdiction and venue. Any other questions raised involve a determination of the merits of appellant's claim and that is not before us. The court may order separate trials under 12 O.S.1971 § 323.

The principal action by Norman Finance against Triton was properly brought in Oklahoma County. The ancillary cause of action asserted by Triton against Stephenson and co-partnership arose out of the same transaction and contained at least some common questions of facts. The joinder of Stephenson and the co-partnership as a party was proper under 12 O.S.1971 § 323. The trial court had proper venue and jurisdiction of the subject matter and of the parties.

The judgment of the trial court is reversed.

IRWIN, BERRY, LAVENDER, BARNES, SIMMS, and DOOLIN, JJ., concur.

DAVISON, C. J., and WILLIAMS, V. C. J., dissent.